The action standing over nisi for advisement, the opinion of the Court was delivered in Berkshire, at the following September term, by
Parsons, C. J.
The statute of 1782, c. 11., erecting a Court of Common Pleas in each county, enacts that this Court shall have cognizance of all civil actions of the value of more than forty shillings arising or happening within their county.
By this act any transitory action, sued by writ returnable to a Court of Common Pleas for any county, could be heard and tried by that Court, as the action (not the cause of action) arose in the county where the writ was sued and was made returnable. Upon *182 this construction, transitory actions might be sued in any county in the state, at the election of the plaintiff. The consequence of which was much oppression and vexation by plaintiffs in suing defendants in distant counties, by which they were put to great expense, and sometimes were rendered unable to appear and make their defence.
By the statute of 1784, c. 28. <§> 13., the legislature interfered, and enacted that when the plaintiff and defendant [ * 239 ] * both live within the state, all transitory actions shall be brought in the county where one of the parties lives; otherwise the writ shall be abated, and the defendant be allowed double costs.
The words of this section, construed strictly, seem to comprehend only a case where there is but one plaintiff and one defendant, both living within the state. If this rigid construction be adopted, then the act will not extend to cases where there are more than one plaintiff dwelling in several counties, but all living within the state ; or where there may be several defendants, all living in different counties within the state. Certainly so rigid a construction ought not to be admitted.
This provision of the statute was intended to relieve defendants, and to remedy an existing mischief; and it ought to have a liberal construction. To us the design of the legislature manifestly appears to have been, that a defendant should not be called to answer in a transitory action out of his own county, except in a county where a plaintiff lived, or where a defendant lived, unless all the plaintiffs lived without the state. In this last case, the plaintiff or plaintiffs might elect their county. But if one or more of the plaintiffs live within the state, a defendant might be called to answer in any county where a plaintiff lived, or in any county where any defendant lived, if there were one or more defendants living within the state. This construction appears to be reasonable, as it extends the remedy as far as the mischief, and no further.
In the case at bar, one of the plaintiffs lived in Essex county, and both the defendants lived in Plymouth county. The writ ought to have been sued out either in Essex or Plymouth at the election of the plaintiffs. But it was sued out in York county, where neither of the plaintiffs or defendants lived. It must therefore abate, and the defendants be allowed double costs (a).

Writ abated.

 A corporation is not within, the provision of the act. Taunt. & S B Corp. vs Whiting, 9 Mass. 321.