THE UNITED STATES *against* NOYES.

Where an action was brought by the *United States*, " as well in the name and for the use of the treasurer of the county of *M.* as in their own name and behalf," in the county of *M.*, against an inhabitant of the county of *N. H.*, to recover the forfeiture given by statute, for taking a fraudulent conveyance in the county of *M.* ; to which the defendant pleaded in abatement, that the action should have been brought in the county of *N. H.* ; it was held, 1. that the offence charged as the foundation of the action, was not a crime, but a civil injury ; 2. that the action brought was a civil action ; 3. that such action was not local, by statute, or from the nature of the demand ; 4. that the plaintiffs were not a party dwelling in the county of *M* ; and therefore, 5. that the defendant was entitled to judgment on his plea.

This was an action on the statute of this state against fraudulent conveyances. The plaintiffs sued " as well in the name, and for the use of the treasurer of the county of *Middlesex*, as in their own name and behalf." The declaration stated, That on the 23rd day of *November*, 1819, *William Noyes*, then of *Lyme* in *New-London* county, was justly indebted to the *United States*, in the sum of 5000 dollars, on a judgment obtained by the plaintiffs against said *William*, by the consideration of the district court of the *United States* for said district, *November* term, 1819 ; that said debt was still due, and said judgment not reversed or set aside ; all which said *William* and the defendant well knew ; that on the 4th of *January*, 1820, said *William* owned, and had standing to his credit on the books of the *United States* loan-office, situate in *Middletown*, in the county of *Middlesex*, the sum of 4,449 dollars, 42 cents, of the exchange, six per cent. stock of the *United States*, of the year 1812, bearing an interest of six *per centum per annum*, payable at said loan-office quarter-yearly ; and that said *William* and the defendant, fraudulently contriving to cheat the plaintiffs, and to defeat the recovery of said debt, said *William* made, and the defendant accepted, at said *Middletown*, on the 4th day of *January*, 1820, a fraudulent conveyance or transfer of said stock. The damages were laid at 4500 dollars, one moiety for the use of said treasurer, and the other for the plaintiffs.

The defendant pleaded in abatement, That the plaintiffs were not inhabitants, residing or dwelling in any town in *Middlesex* county ; that the defendant, at the date and service of the plaintiffs' writ, was, and ever since had been, a

settled inhabitant of the town of *Branford,* in *New-Haven* county; and that the county court of *New-Haven* county had jurisdiction of the cause of action stated in the plaintiffs' declaration.

To this plea there was a demurrer; and the question of law arising thereon was reserved for the advice of all the Judges.

*N. Smith,* in support of the demurrer, contended, 1. That the *United States,* like the state of *Connecticut,* may sue in *any* county. The inhabitants of the county of *Middlesex* compose a part of the *United States.* The court will look through the body politic to its members. Suppose both the parties were corporations, having no local limits; could the plaintiff sue *no where?*

2. That upon principles of the common law, a suit for the violation of a penal statute, is local, in its nature, and must be brought in the county in which the offence was committed. The 21 *Jac.* 1. *c.* 4. *s.* 4. provides, that in the declaration in any action or suit against any person or persons, for any offence against any penal statute, the offence shall be laid in the county where such offence was in truth committed, and not elsewhere. Lord *Coke,* in commenting upon this clause, says, it was "in affirmance of the true institution of the common law; for *vicini viciniora facta præsumuntur.*" He adds, "This is a very beneficial clause for every defendant to take hold of." 4 *Co. Inst.* 173. And aside from the authority of Lord *Coke,* this statute, having been passed before the settlement of our country, and being perfectly adapted to our circumstances, might well be regarded as a part of our common law.

3. That this action is made local, by the statutes of this state. By the statute, on which the action is founded, one half of the forfeiture is to go to the county treasury. *Tit.* 76. *s.* 2. (ed. 1808.) This must mean the treasury of the county in which the offence was committed. But, in order that half the sum recovered may go to the treasury of *Middlesex* county, the suit must be prosecuted in that county. See and compare *Stat. tit.* 22. *s.* 91. *p.* 170.—*tit.* 103. *s.* 19. *p.* 465.—*tit.* 22. *s.* 96. *p.* 171. Though the present prosecution is, in its form, civil; yet it is. in its nature, criminal; and ought to be under the direction of the attorney for the county, in which the offence was committed. The object is punishment; not the mere redress of a civil injury.

*Middlesex,*
*July,*
1822.

United States
*v.*
Noyes.

*Daggett* and *Staples*, contra, contended, 1. That this is a civil action, in form and in substance. The plaintiffs sue as " the party grieved ;" and demand a sum in damages as a compensation for the injury. *Atcheson* v. *Everitt, Cowp.* 383. The action is founded on a statute of this state ; and is prosecuted before a state court. If this is not a civil action, the *United States*, obviously, have no concern with it.

2. That the party plaintiff is not an inhabitant of the county of *Middlesex* in this state. The local limits of the body politic, are not within this county.

3. That an action to recover a forfeiture given by statute, by the party aggrieved, or otherwise entitled to it, is, at common law, *transitory.* 1 *Chitt. Plead.* 277.

4. That the offence, which is the subject of this action, is not made local, by statute. First, the statute against fraudulent conveyances, has not made it so. That one half of the fruits of the judgment, is to go to the county treasury, has no bearing on this subject. The county treasurer is not a party to the suit. Secondly, the statute relating to civil actions has not made this action local. *Stat. tit.* 2. *s.* 21. *p.* 41. That statute specifies two classes of local actions, *viz.* those wherein the title to land is to be tried, and actions of trespass *quare clausum fregit ;* and then declares, that *all other actions* shall be brought in the county where the plaintiff or defendant dwells, if they, or either of them, are inhabitants of this state. Thirdly, the 96th section of the statute concerning crimes and punishments, is inapplicable ; because this is not a prosecution for a crime. Fourthly, the other statutes cited by the plaintiffs' counsel, have no relation to this subject.

HOSMER, Ch. J.  By the statute, entitled " An act against fraudulent conveyances," an action is given against the party to such a conveyance, who shall wittingly justify the same to have been done *bona fide,* and on good consideration ; and to the party grieved, for the recovery of certain specified forfeitures. The sum recovered is to be divided, the one half to the person injured, and the other half to the county treasurer. Upon this statute, the *United States* have instituted the present suit. The action being founded on a statute, no person can sustain it but the one to whom it is given. The party aggrieved only can maintain a suit ; and incidentally, if he is successful, the county treasury will derive a benfit ; but if he omit to sue, neither the public nor

any individual, can supply the defect. The offence commit-
ted by the attempted justification of a fraudulent conveyance,
is not a crime, but a civil injury ; and the prosecution for
redress, is governed by the same rules, which are applicable
to all civil actions.

The only *local* actions between individuals, are those in
which the title to land may be determined, and trespass *quare
clausum fregit ;* and these must be commenced and tried in
the county where the land lies. All other actions are *tran-
sitory*, and must be brought in the county where the plaintiff
or defendant dwells. *Stat. p. 34. sect. 6.*

The only question in the case, is, whether the *United States*
dwell in the county of *Middlesex.* The defendant is a resi-
dent of *New-Haven* county ; and the plaintiffs, to sustain the
court's jurisdiction, are compelled to show, that they are
inhabitants of *Middlesex* county.

The law giving jurisdiction is to be construed according to
the popular meaning of its words, or by a deviation from
them so far only as is necessary, to accomplish the legislative
intent.

Regarding the plain intendment of the terms of the law, it
may safely be asserted, that the plaintiffs do not dwell in the
county of *Middlesex*, but that the inhabitants of this county
dwell in the *United States.*

I readily admit there are cases, in which the words of the
law must be departed from, because the intention of the leg-
islature requires it. It undoubtedly was their object to
create courts, in which justice might be administered to eve-
ry individual and corporation in the state. Hence, if a
corporation is *located*, a part of it being in one county, and a
part in another, it may sue or be sued in either. So, if one
of numerous plaintiffs or defendants, reside in one county,
and the rest in another, an action is sustainable, for or against
them, in either county. The words of the act do not reach
this case ; but the object of it does ; and the construction
must be commensurate with the legislative intention. It may
be said, that the *United States* are embraced within the same
intendment of the legislature ; but the assertion is gratuitous.
The *United States* had no existence, when the law originally
was passed ; (*vid.* edition 1750.) and there is no reason for
embracing within it this case, unthought of, at the enaction
of the law, when justice and convenience do not require, but
absolutely prohibit it. The *United States* cannot be made

*Middlesex,*
*July,*
*1822.*

*United States*
*v.*
*Noyes.*

defendants in any suit; and as plaintiffs, it is as convenient for them to sue the defendant in the county where he dwells, as any where else. On the other hand, what reasons of justice and inconvenience repel the idea of dragging the defendant, causelessly, from his own vicinity, to accommodate—whom? Not the *United States;* but, if any one, their agent.

In the nature of the plaintiffs' demand, there is nothing implying locality. The suit is not for the punishment of a crime, which, I admit, is local. If it is, it must be dismissed, as it will hardly be contended, that offences against this state, are prosecutable by the *United States;* more especially, in a civil action. Nor do the interests of the county treasury bear on this point. Before whatever court judgment shall be rendered, the sum recoverable must be distributed according to law.

The provisions of the statute are very explicit; and a plain path is marked out, for the plaintiffs to walk in. In the county where he resides, the defendant is amenable to their demand; and the institution of a suit there, while it gives to the plaintiffs the justice they may be entitled to, will not unnecessarily oppress the defendant.

The other Judges were of the same opinion.

Plea in abatement sufficient.