### PARSONS *v.* BROWN.

It is a good plea in abatement to an action upon a negotiable note brought in the name of an indorsee in a county where the defendant does not reside, that the real owners of the note, who are the sole plaintiffs in interest, reside in the same county with the defendant, and that they indorsed the note to the plaintiff of record, who has no interest in it, solely for the purpose of bringing suit in his name in a county in which the defendant does not reside.

ASSUMPSIT, by Hezekiah Parsons against James B. Brown, upon a negotiable promissory note which is endorsed by the payees. The defendant pleaded in abatement, " that at the commencement of this suit the said plaintiff had no interest in or control of the causes of action set forth in his writ, but is a nominal and fictitious plaintiff only; and that the said promissory note, first described in the plaintiff's writ, was, at the commencement of this suit, the property of Richard P. Kent, Son & Co., late partners in business at Lancaster, in the southern judicial district of said county of Coös; and that the said promissory note, secondly described and set forth in the plaintiff's writ, was then and there, to wit, at said Lancaster, the property of the firm of Kent & Cobleigh; that both of said firms did business at Lancaster aforesaid, and never had any place of business in said northern judicial district; that none of the members of said firms or of either of them, at the commencement of this suit, resided in said northern judicial district, but all of them resided at that time and ever since have resided at Lancaster, in said southern judicial district; that said firms of Kent & Cobleigh and of Richard P. Kent, Son & Co. always were and still are the sole plaintiffs in interest in this suit, and the sole owners and holders of the notes sued in it; that the said firms always have and do now control this action; that said firms indorsed said notes solely for the purpose of bringing this action in the name of the nominal and fictitious plaintiff of record, that is to say, in the name of said Hezekiah Parsons, in the northern judicial district aforesaid; that said James B. Brown, at the commencement of this action and ever since, has resided in the town of Northumberland, in the southern judicial district of said county of Coös; that the supreme judicial court in said southern judicial district has jurisdiction to hear and decide this action; that said notes declared on are the only causes of action in this suit; and that this action should have been commenced and entered in said court in said southern judicial district, and not in said northern judicial district."

To this plea the plaintiff demurred; and the demurrer was sustained, subject to exception.

*Whidden,* for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

SMITH, J.    Section 18, chapter 19, Gen. Statutes, provides that all actions, petitions, appeals, and prosecutions, in all civil cases, shall be commenced, entered, and prosecuted in the supreme court for the several judicial districts of the counties of Grafton and Coös, in the same manner they would be if each of said districts was a distinct county. Section 1, chapter 201, Gen. Statutes, provides that transitory actions, in which both parties are inhabitants of the State, may be brought in the county of which either party is an inhabitant, and not elsewhere.

In *Eames* v. *Carlisle,* 3 N. H. 130 (p. 131), the court said, "as this provision in the statute was intended to remedy an existing mischief, and to relieve defendants from the vexation of being wantonly sued in distant counties, we are inclined to think it ought to be construed liberally * * *." The same views were expressed by PARSONS, C. J., in *Day* v. *Jackson,* 5 Mass. 237 (p. 239), relative to a similar statute in Massachusetts.

The defendant's counsel is correct in his position that the plaintiff, by his demurrer, "admits that neither of the *real* parties to the action resides in the district where the suit is brought; and that the nominal plaintiff, who resides in that district, has no interest in or control of the causes of action in this suit; and that the notes sued upon were indorsed by the real plaintiffs for the sole purpose of bringing this action in the name of the nominal plaintiff of record in a district where the real plaintiffs themselves could not bring it, because the court would have no jurisdiction to try it; that, in short, Hezekiah Parsons, the nominal plaintiff of record, is but a representative of the two firms of R. P. Kent, Son & Co. and Kent & Cobleigh, who both reside and do business in the same district with the defendant."

This is evidently an attempt to evade the plain object of the statute.

The plaintiff relies upon the long established practice of instituting suits on notes in the name of nominal parties to whom they have been indorsed for that purpose. This practice has, however, been sanctioned by the courts only on condition that the bringing of suits in this manner shall not be allowed to operate to the substantial prejudice of defendants. Wherever it is necessary for the protection of a defendant's rights, the court will inquire who the real plaintiff is, and will give a nominal plaintiff no advantage to which the real party in interest would not have been entitled. In *Edgerton* v. *Brackett,* 11 N. H. 218 (pp. 221, 222), PARKER, C. J., speaking of the practice relied on by the plaintiff, said: "We are not disposed to give any encouragement to this course, where it is resorted to for the purpose of rendering it less easy for the defendant to make his defence. Where such is the purpose, the practice is undoubtedly reprehensible * * * *." Other authorities

might be cited, from which we may fairly infer that it is allowable to a defendant to object to the maintenance of a suit in the name of a nominal indorsee where the indorsement to the nominal plaintiff was in bad faith and the maintenance of the suit would work some prejudice to the defendant. See MARCY, J., in *Dean* v. *Hewit*, 5 Wendell 257 (p. 261) ; NELSON, C. J., in *Guernsey* v. *Burns*, 25 Wendell 411 (p. 412) ; 2 Parsons on Notes and Bills 437. Both these grounds of objection exist in the present case. In the language of' the defendant's counsel : " The objection is not simply to allowing a suit to be brought in the name of a *nominal* party, who never had any interest in it, but to allowing it to be brought in that way for the *express purpose* of avoiding the plain requirements of the statute. To say that the statute does not apply to actions upon negotiable paper, because in that case the contract is to pay the payee or his *order*, in no answer to this objection, for the objection is not to the suit being brought in the name of some nominal party to whom the real plaintiff may order the note to be paid, but to bringing it in the name of the *nominal* party in a county where the *real* party could not bring it."

*Maxfield's Lessee* v. *Levy*, 4 Dallas 330, S. C. 2 Dallas 381, was an action of ejectment in the circuit court of the U. S. for the district of Pa. The lessor of the plaintiff was a citizen of Maryland. The defendant was a citizen of Pennsylvania. It appeared that the conveyance of the premises in controversy to the lessor of the plaintiff was made by a citizen of Pennsylvania for no other purpose than to give jurisdiction to the circuit court, and was without consideration. The court dismissed the action, holding that such an " entirely colorable and collusive" conveyance was " incapable of laying a foundation for the jurisdiction of the court."

If the authority of *Maxfield's Lessee* v. *Levy* was somewhat shaken by *Briggs* v. *French*, 2 Sumner 251 (p. 257), it seems fully restored by *Jones* v. *League*, 18 Howard U. S. 77.

*Demurrer overruled.*