45 101
61 48

ISAAC SANFORD, TRUSTEE, vs. ANDREW B. FRENCH AND OTHERS.

The act of 1875 (Session Laws, 1875, p. 31,) provides that "in all suits where a cause of action shall be sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only; but any defendant against whom no recovery shall be obtained shall be entitled to costs." Held that where there were several defendants thus entitled to costs there could be but one bill of costs allowed.

TRESPASS *qu. cl. fr.*, brought to the Superior Court in Litchfield County. There were nine defendants, and judgment was rendered against five of them and in favor of the other four. These four claimed each a bill of costs, which claim was allowed by the court, upon which the plaintiff brought the case before this court by a motion in error. The facts are fully stated in the opinion.

*W. Cothren*, with whom was *C. B. Andrews*, for the plaintiff.

*E. W. Seymour*, for the defendants.

GRANGER, J. This is an action of trespass, brought by the plaintiff as trustee of his wife against several defendants for an injury to the dwelling-house and other real estate belonging to her. Judgment was rendered in the Superior Court in favor of the plaintiff, to recover of the defendants Andrew B. French, Edwin A. Craw, John French, Roger O. Donnell, and George Atwood, the sum of fifty dollars damages, and

his costs; and in favor of the other defendants, Bennett French, Albert Frost, Walter H. Atwood, and Alanson Craw, and for them to recover of the plaintiff their costs.

The formal judgment rendered by the court was as follows: "Whereupon it is considered and adjudged by this court that the plaintiff as such trustee shall recover of the defendants A. B. French, E. A. Craw, John French, R. O. Donnell, and G. Atwood, the sum of fifty dollars damages, and costs of suit, allowed to be the sum of seventy-six dollars and twenty-six cents, and that execution issue therefor accordingly; and that the defendants B. French, A. Frost, W. H. Atwood and A. Craw, recover of the plaintiff their costs taxed at $   ., and that execution issue therefor accordingly." The cause was continued to the April term of the court, 1877, when the last named defendants appeared by their counsel, and moved for a separate bill of costs in favor of each of them, which motion was allowed by the court, and the plaintiff thereupon filed his motion in error.

The principal question raised upon the record is, whether the Superior Court erred in allowing the four defendants separate bills of cost. The determination of the question depends upon the construction of the act of 1875, which is as follows: "In all suits where a cause of action shall be sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only; but any defendant against whom no recovery shall be obtained shall be entitled to costs." The defendants contend that under this statute each defendant is entitled to a bill of costs. We think this claim can not be sustained. It was evidently not the intention of the legislature, where there were numerous defendants, as must often happen, that each one who was not found liable should be entitled to a bill of costs. The language used does not admit of any such construction, at least that is not the fair and reasonable, natural and common-sense construction of the language. "*Any* defendant" does not ordinarily, if ever, mean "each defendant," and had the legislature intended that each defendant should be entitled to a bill of costs, it is

but reasonable to conclude that they would have used apt language to express such intention, and instead of saying "any defendant" would have said "each defendant."

The construction contended for by the defendants cannot be maintained, and there was manifest error in the judgment of the court in allowing four separate bills of costs.

In this opinion the other judges concurred.