ERWIN J. FRIEDE, RECEIVER-TRUSTEE, ET ALS. *vs.* H. A. JENNINGS, ADMINISTRATOR, ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 5th—decided March 9th, 1936.

*William S. Locke,* with whom was *Ralph O. Wells* and, on the brief, *Hale Anderson, Jr.,* for the appellants (plaintiffs).

*William Reeves,* for the appellee (named defendant).

*David R. Lessler,* for the appellee (defendant McGrath).

Maltbie, C. J. This action was brought to the Superior Court in Hartford County. The complaint alleges that the plaintiff Friede, of Minneapolis, Minnesota, is receiver of the Joint Stock Land Bank of Minnesota and has been duly appointed by the United States District Court for the district of Minnesota as receiver to collect an assessment made in that court against all stockholders of the bank and that the other plaintiffs, all residents of that State or of the State of Illinois, are the duly authorized trustees for farm loan bonds issued or assured by the bank, who appear in their own behalf and that of all other creditors of the bank. The further allegations of the complaint are addressed to a recovery from each of the defendants of the amount of that assessment, which is equal to the par value of the stock of the bank owned by them severally or which had been owned by a deceased person of whose estate the defendant is representative, in accordance with the terms of the Federal Act under which the corporation was organized, the assessment having been made for the purpose of discharging obligations to the creditors of the bank. The relief asked is a decree that Friede has authority to bring the action by virtue of his appointment in the proceedings in Minnesota and judgment in his favor against each of the defendants or, if the court finds that Friede is not so authorized, appointment of an ancillary receiver to enforce the alleged liability of the defendants and a judgment that they pay into court or to such receiver the amounts due from them, with certain incidental relief not material to the issues now before us.

A number of the defendants are described as of Hartford County, but others are described as residents of other counties of the State. Among the latter are H. A. Jennings, as administrator upon the estate of Nellie M. Jennings, and Katherine A. McGrath. Jen-

nings filed a plea to the jurisdiction and a plea in abatement, both based upon the ground that the plaintiffs were all nonresidents of the State and the defendant was a resident of Bridgeport in Fairfield County; the plaintiffs demurred to these pleas; the demurrer to the plea to the jurisdiction was overruled; and the plaintiffs filed answers admitting that the residence of the parties was as alleged. Katherine A. McGrath filed a plea to the jurisdiction, one ground being that she was a resident of Fairfield County and another that the amount of damages sought against her, $200, was not within the jurisdiction of the Superior Court; to this plea the plaintiffs demurred, but the demurrer was overruled. Without further proceedings, judgment was entered abating the action as regards Jennings on the ground that it was brought in the wrong county and erasing the action as regards Katherine A. McGrath upon the ground that the amount of damages claimed from her was not within the jurisdiction of the Superior Court.

Section 5444 of the General Statutes, so far as applicable to this action, provides that actions before the Superior Court shall be brought in the county "where the plaintiff or defendant dwells, if either or both of them are inhabitants of this State." The purpose of this provision, of very ancient origin, is to prevent the harassment of defendants by compelling them to go to other counties than their own to meet claims asserted against them, except as countervailing considerations in behalf of the plaintiff require that he be not put to the necessity of going to another county to enforce his claimed right. See 2 Colonial Records, pp. 52, 305; *United States* v. *Noyes,* 4 Conn. 340. While the statute uses the words "plaintiff" and "defendant" in the singular, it must of course be interpreted so as to meet, at least in certain circumstances, a situation

where there is more than one plaintiff or defendant and the plaintiffs or defendants reside in different counties. CHIEF JUSTICE HOSMER early stated the meaning of the statute as it applied to such a situation: "So, if one of numerous plaintiffs or defendants resides in one county, and the rest in another, an action is sustainable for or against them in either county. The words of the act do not reach this case; but the object of it does; and the construction must be commensurate with the legislative intention." *United States* v. *Noyes,* supra, p. 343; see also *Wood* v. *Hartford Fire Ins. Co.,* 13 Conn. 202, 211; *Day* v. *Jackson,* 5 Mass. 237, 239; *Eames* v. *Carlisle,* 3 N. H. 130. This interpretation of the statute certainly applies in the case of a necessary joinder of parties, as where, for instance, the action is brought against several defendants liable upon a strictly joint obligation.

A very different situation arises where a plaintiff joins defendants under the broad provision of the Practice Act that "any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff." General Statutes, § 5517. Under this statute we held that the superintendent of banks of New York might sue in a single action various owners of stock in an insolvent bank to enforce an assessment made upon them, although a recovery would necessarily be against each severally and separate and distinct issues might arise as to the liability of the various defendants and separate trials be necessary. *Broderick* v. *McGuire,* 119 Conn. 83, 104, 174 Atl. 314. In that case no question arose as to the right of the plaintiff to secure a judgment against a defendant who resided in some other county than that in which the action was brought. Such an action well illustrates the possibility of defeating the legislative purpose underlying § 5444 of

the General Statutes, if the rule stated in *United States* v. *Noyes,* supra, were to apply to it; for if it did, the plaintiff, finding one defendant residing, for example, in Litchfield County, might bring his action there, and, although all the other defendants resided in New London County, compel them to go to the former County, with their witnesses, there to litigate the controversy. Section 5517 was originally enacted in 1879 as a part of the Practice Act then adopted. Public Acts, 1879, Chap. 83. That act expressly repealed or amended various statutes previously in effect, but had no general provision repealing all acts inconsistent with it. Had it been the intent of the Legislature by the provisions of the Practice Act to change the ancient statute governing the venue of civil actions, that intention would have found expression in it. Sections 5444 and 5517 must be read together and in an action brought by a nonresident the latter section can be construed to permit a joinder of defendants residing in different counties only when that is permissible within the fair meaning of the former.

The action before us has two aspects: In one, it seeks a decree that the plaintiff Friede has authority to enforce the liability of the defendants to an assessment or, in the alternative, the appointment of an ancillary receiver to do so; in the other, it seeks a recovery from each of the defendants of the amount which he is severally liable to pay. The first aspect of the case will almost of necessity have to be heard and determined before the second can be litigated; for until the issues presented in the first have been decided, it cannot be known whether it will be necessary to appoint an ancillary receiver; and if that should be required, the appointment must be made and an opportunity for the ancillary receiver to become plaintiff be afforded. It may be that the joinder of these

causes of action is proper, if it will not contravene any rule of law; see *Mathewson* v. *Wakelee,* 83 Conn. 75, 80, 75 Atl. 93; *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 562, 106 Atl. 504; *Cion* v. *Schupack,* 102 Conn. 644, 129 Atl. 854; but the situation makes particularly apt what we said in the first of these cases (p. 80): "But the fact that the proceeding is single in form cannot be allowed to obliterate the fact that two successive independent steps are involved, and that the necessary parties for the taking of each of them must be before the court. The consolidation affects the matter of procedure only. It does not justify short cuts to the end sought, which dispense with the taking of the required steps in the legal and proper way."

The prayer for a decree that the plaintiff has authority to prosecute an action to recover the assessments alleged to be due from the defendants is an appeal to the power of the Superior Court to render declaratory judgments. Had the plaintiff brought separate actions directly against the several stockholders to recover the assessments, in each such action the defendant might have attacked his right to sue. The prayer for a declaration that the plaintiff Friede has a right to bring an action to recover the assessments is merely a substitute method of securing an adjudication of issues which otherwise would be presented in the separate actions. When the Legislature made the broad grant of power to render such judgments, it surely did not intend to derogate from the force of such existing statutes as that which determines the venue of civil actions. A defendant not a resident of a county where the action is brought cannot be made a party to it, if he could not be summoned into an action brought in that county, addressed directly to the enforcement of the right in question. The right of the plaintiffs to

summon such a person into the present action, if it exists at all, must be by reason of the cause of action which the plaintiff Friede or an ancillary receiver might assert to enforce against each of the defendants severally the liability to assessment. If the plaintiff Friede were seeking by direct action to enforce this liability, he certainly could not do it in a county other than that in which the defendant resides. The fact that he is seeking the same result as an incident to his action to obtain a decree that he is authorized to bring the necessary proceedings here, or in the alternative the appointment of an ancillary receiver with such authority, does not alter the nature of the right to recover the amount which the stockholders are liable to pay. Had the plaintiff brought a separate action against each stockholder, the right to maintain it by virtue of Friede's appointment in Minnesota, or to have an ancillary receiver appointed to collect any assessment due from the stockholders would be a matter for adjudication in that action. No doubt all stockholders resident in the county where the action was brought could be made defendants in a single action, at least if the amount of recovery against each was within the jurisdiction of the court to which the action was brought. *Broderick* v. *McGuire,* supra.

In order to justify the joinder as defendants of stockholders resident in other counties than that in which the action was brought it must be found that they are necessary parties to the determination of the issues involved. Such a situation might exist where the liability of each stockholder would depend upon the determination of the amount due creditors and the amounts which could be recovered from the other stockholders, so that the extent of the liability of each would be affected by that of the others. *Lewishon* v. *Stoddard,* 78 Conn. 575, 63 Atl. 621; *Simpson* v. *Amer-*

*ican Bank,* 115 Fed. 793; *Ross* v. *Carter,* 156 Fed. 746. The basis of the plaintiff's claim in this action is that by the proceedings in Minnesota each stockholder has become liable to pay a fixed amount equaling the par value of the stock owned by him. The pleas now before us are to be determined upon the basis of the cause of action so asserted. That being so, we must regard the amount of recovery against each stockholder as in no way dependent either upon the amount due creditors of the bank or the amount recoverable from the other stockholders. The statute provides that shareholders of every joint-stock land bank "shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank, to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares." U.S.C.A., Title 12, § 812. The liability of each is separate and distinct from that of the others and it may be enforced against each in a separate action. In such a situation there is no sufficient ground to violate the purpose intended to be served by § 5444 of the General Statutes, by permitting a joinder of defendant stockholders in a single action where that would compel some of them to answer to a nonresident in a county in which they do not reside. The mere fact that the ultimate result of the present action might be the appointment of an ancillary receiver who resides in Hartford County is too tenuous a thread on which to hang an obligation of such defendants to become parties to an action in Hartford County. The plea in abatement of the defendant Jennings was properly sustained.

In determining whether the Superior Court has jurisdiction to make a decree that the plaintiff Friede is authorized to sue the stockholders or to appoint an

ancillary receiver, no doubt the aggregate amount sought to be recovered from all the stockholders together would be the amount in demand. See *Reconstruction Finance Corporation* v. *Central Republic Trust Co.*, 11 Fed. Supp. 976, 984; note, 72 A. L. R. 206. As regards a separate action to enforce the liability of an individual stockholder, the amount in demand would be the amount claimed to be due from him. *Atlantic Refining Co.* v. *Schoen*, 118 Conn. 26, 170 Atl. 478. As we have said, the liability of each stockholder is separate and distinct from that of the others. The same limitations of jurisdiction growing out of the amount involved apply as regards the power of the court to give a several judgment against the defendants in a single action as it would were separate actions brought against each, and the amount of the judgment which is claimed against each determines the jurisdiction of the court to entertain the action against him. *Broderick* v. *American General Corporation*, 71 Fed. (2d) 864; *Wheless* v. *St. Louis*, 180 U. S. 379, 382, 21 Sup. Ct. 402; *Clay* v. *Field*, 138 U. S. 464, 479, 11 Sup. Ct. 410; and see *Brennan* v. *Berlin Iron Bridge Co.*, 75 Conn. 393, 396, 53 Atl. 779. The plea to the jurisdiction of the defendant McGrath was properly sustained.

There is no error.

In this opinion the other judges concurred.