ERVIN J. FRIEDE, Receiver-Trustee, et al.
vs.
BENJAMIN F. BERNSTEIN, ET AL.

Superior Court     Hartford County     File #51477

Present: Hon. JOHN A. CORNELL, Judge.

Wells, Davis,
Schaefer & Locke,     Attorneys for the Plaintiffs.

Benjamin Pokras;
Pullman & Comley,     Attorneys for Moving Defendants.

## MEMORANDUM FILED MAY, 1936.

CORNELL, J. The moving parties here are the defendants, Grace Norton Dudley, Susan M. Jennings, Evelin M. Jennings, Edgar W. Bassick, J. Howard Russell and Harriet M. Russell.

This cause was returned to the Superior Court at Hartford County on the first Tuesday of June, 1935. The plaintiff is a receiver-trustee appointed by the United States District Court for the District of Minnesota. The defendants, numbering fifty-seven with the exception of fourteen, live in counties other than Hartford.

All of the defendants are named as stockholders (or their representatives since their decease) in the Southern Minnesota Joint Stock Land Bank of Minneapolis, which has been declared insolvent.

The purpose of the action is to collect from each of the defendants an assessment which has been levied by a decree of the United States District Court for the District of Minneapolis, Fourth Division in the amount of 100% of the par value of the stock held by each of the named stockholders or his decedent, on May 2nd, 1932.

Pleas to the jurisdiction were filed by a number of defendants, the amount of whose respective assessments were below the jurisdiction of this court; some others who reside in counties other than Hartford filed pleas in abatement. One of each of these came to the Supreme Court of Errors for review—Friede, Receiver-Trustee, et al vs. H. A. Jennings, Administrator, et al, 121 Conn. 220.

The instant motions were respectively filed by defendants, all of whom fall within the purview of that part of the opinion in Friede, Receiver-Trustee, et al vs. H. A. Jennings, supra, which holds that the obligation sought to be enforced against the defendants is several and, hence, the cause is

abatable against defendants who do not reside in Hartford County.

The opinion in **First National Bank of Cordova vs. Lucchini, 113 Conn., 770, 772,** sustains the right of a defendant who appears specially and pleads in abatement, to a bond for prosecution. It is plaintiff's contention, however, that each of the defendants is not entitled to such a bond, and that he may be required to furnish one only for the benefit of all.

The right of a litigant to costs, in an action at law, must depend upon some statute or rule of court.

**State of Connecticut vs. Anderson, 82 Conn., 392; Lew, et ux vs. Bray, 81 Conn., 213; Condon, et al vs. Pomroy—Grace, 73 Conn., 607, 614.**

Insofar as may be relevant to the present motion it is sufficient to note that **General Statutes, Revision 1930,** provides in **Section 2271** the items which, as costs, a prevailing party in a civil action shall be entitled to receive, while **Section 5661** states:

"In any civil action, in which a cause of action shall be sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only; but any defendant against whom no recovery shall be obtained shall be entitled to costs."

This statute was held in **Sanford, Trustee vs. French, 45 Conn., 101, 102,** not to confer upon four out of five defendants sued for trespass any right to costs. In the process of so doing the court decided that the words "any defendant" did not mean "each defendant", but at the same time failed to say what they did signify. It is apparent, however, that the defendants were contended to be jointly or jointly and severally liable.

In the instant case it has been determined that the liability sought to be enforced is neither joint nor joint and several, but several only.

"The liability of each is separate and distinct from that of the others and it may be enforced against each in a separate action.

Friede, Receiver-Trustee, et al vs. Bernstein, et al, 121 Conn. 220.

It was further held, in effect, that where several defendants residing in the same county were joined, their severable character remained and the fact that the claim against any was below the jurisdictional limits of this court, demanded that the cause as to such be erased from the docket.

The situation here is to be distinguished, therefore, from that described in **Sanford, Trustee vs. French, supra.** A separate judgment will be required as to each defendant. See **e. g., Chambelis vs. Connecticut Company, 93 Conn., 658.**

It is therefore ordered that the plaintiff file a bond for prosecution for the benefit of each of the moving defendants, respectively, in the sum of $75.00 in each instance on or before June 1, 1936.