[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER
FACTS
This action was commenced by the plaintiffs, M L Building Corp. and National Grange Mutual Insurance Company CT Page 1602 (hereinafter "National Grange"), with the filing of an application for Prejudgment Remedy. The basis for this action revolves around a contract between M L Building and CNF Industries in which M L Building was the contractor on the construction of the CNF Industries' new headquarters in Meriden. M L Building claims that the defendant wrongfully discharged them in August of 1991 and is so doing breached the contract between the parties. The defendant claims that M L Building breached the contract and that the discharge was therefore correct. National Grange issued a Performance Bond and a Payment Bond to guaranty M L Building's performance under the contract.
Originally this action was filed in the Judicial District of Hartford-New Britain at Hartford. The defendant, CNF Industries, Inc., moved to transfer the action out of Hartford because they claimed that venue was improper in Hartford. The court, O'Neil, J., agreed with the defendant and the action was transferred to the Judicial District of Tolland at Rockville.
The defendant has now moved to dismiss the action in Tolland claiming that venue is also improper in Tolland. The defendant has moved in the alternative that if the court decides venue is improper but decides not to dismiss the action that it transfer the action to the Judicial District of New Haven. As required by Practice Book sec. 143, the defendant has filed a memorandum of law in support of the motion to dismiss. The plaintiffs, pursuant to Practice Book sec. 143, nave filed a memorandum of law in opposition claiming that venue is proper Tolland County.
DISCUSSION
The motion to dismiss can be used to assert claim of improper venue. Practice Book sec. 143. The defendant claims that while venue for M L Building is proper in Tolland County, venue as to National Grange is not proper in Tolland County.
The defendant argues that Gen. Stat. sec. 51-345 (c)(1) controls the question of venue between them and M L Building and that Gen. Stat. sec. 51-345 (c)(3) controls the question of venue between them and National Grange. The defendant's reliance on these two sections is misplaced. Sections 51-345 (c)(1) and 51-345 (c)(3) require that the defendant be a resident. The defendants own admission establish that they are a corporation, incorporated in the state of Delaware with a principal place of business in Meriden. Amended Motion to dismiss for Lack of Venue or CT Page 1603 Alternatively to Transfer, paragraph 3. Resident is not define in statute but the appropriate classification of the defendant is as a foreign corporation and not a resident.
Gen. Stat. sec. 51-343 (c) defines a foreign corporation as:
 any corporation incorporated under the laws of any other state or foreign government
Gen. Stat. sec. 51-343 (c). The defendant is a foreign corporation as it is incorporated under the laws of Delaware and therefore is not a resident. In that the defendant is a foreign corporation, the two sections that control the question of venue are 51-345 (c)(2) and 51-345 (c)(4) and not the sections relied upon by the defendant.
M L Building is a Connecticut corporation with a principal place of business in Tolland. Plaintiffs' Complaint, Count 2, paragraph 1. The defendant is a Delaware corporation with its principal place of business in Meriden. Gen. Stat. sec. 51-345 (c)(2) states:
 If the plaintiff is either a domestic corporation or a United States corporation and the defendant is a corporation, domestic or foreign, [venue is proper] where (A) the plaintiff has an office or place of business, (B) the injury occurred, (C) the transaction occurred, or (D) the property is located or lawfully attached.
Gen. Stat. sec. 51-345 (c)(2). Venue would be proper in Tolland (plaintiff's place of business) or Meriden (place of injury) as between M L Building and the defendant.
National Grange is a foreign corporation, incorporated under the laws of New Hampshire with places of business in Enfield and Windsor Locks. Plaintiffs' Complaint, Count 4, paragraph 15. As mentioned the defendant is also a foreign corporation. Gen. Stat. sec. 51-345 (c)(4) states:
If the plaintiff is a foreign corporation and the defendant is a corporation, domestic or foreign, [venue is proper] where (A) the injury occurred, (B) the transaction occurred, or (C) the property is located or lawfully attached.
Gen. Stat. sec. 51-345 (c)(4). Venue would be proper in Meriden (injury incurred) as between National Grange and the defendant. CT Page 1604
The defendant has moved to dismiss or in the alternative to transfer the case to New Haven County, arguing that venue over National Grange is improper in Tolland. In support of their position the defendant relies on the case of Friede v. Jennings, 121 Conn. 220, 184 A. 369 (1936). The defendant argues that the court in Friede states that the only place that venue would be proper is in the county where the defendant resides.
The court in Friede addressed the issue of multiple plaintiffs and the question of venue and concluded:
 Section 5444 of the General Statutes, so far as applicable to this action, provides that action before the Superior Court shall be brought in the county "where the plaintiff or defendant dwells, if either or both of them are inhabitants of this State." The purpose of this provision is to prevent the harassment of defendants by compelling them to go to other counties than their own to meet claims asserted against them, except as countervailing considerations in behalf of the plaintiff require that he be not put to the necessity of going to another county to enforce his right. While the statute uses the word "plaintiff" and "defendant" in the singular, it must of course be interpreted so as to meet, at least in certain circumstances, a situation where there is more than one plaintiff or defendant and the plaintiffs or defendants reside in different counties. Chief Justice Hosmer early stated, the meaning of the statute as it applied to such a situation: "So, if one of numerous plaintiffs or defendants reside in one county, and the rest in another, an action is sustainable for or against them in either county."
Friede, supra, 224-225. While the statute the court was faced with in Friede is not identical to that in the case at bar, the reasoning should be applied to resolve this conflict.
Like the court in Friede this court is faced with what to do when there are multiple plaintiffs that do not reside in the same county. This action should be maintainable in any county in which venue is proper for at least one of the plaintiffs. The defendant is not being harassed by the plaintiffs by being forced to defend in Tolland County and that the plaintiffs should not be required to go to another county, although venue may also be proper there, to enforce rights.
CONCLUSION CT Page 1605
Venue is proper in Tolland County, while venue is also proper in Meriden (New Haven County) the courts decision in Friede states that when faced with the problem of multiple plaintiffs the county where venue is proper for any one of the plaintiffs is the proper forum in which to bring the cause of action. The defendant's motion to dismiss or in the alternative to transfer this case to New Haven County is denied.
McWEENY, J.