WILLIAM BRENNAN *vs*. THE BERLIN IRON BRIDGE COMPANY.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action to recover for injuries to the person, a demurrer to the complaint was sustained, and, upon the plaintiff's refusing to amend, judgment was rendered for the defendant. Thereupon the plaintiff brought another suit for the same cause, which the defendant defaulted and, upon a hearing in damages, offered in evidence the former judgment as a bar, as a result of which the plaintiff obtained a judgment for nominal damages only, amounting with costs to $118.44. The plaintiff then brought a writ of error and succeeded in reversing the judgment in the first action, and upon a retrial recovered a judgment for $3,000. In the present action, in the Superior Court for New Haven County, to enforce the payment of both judgments, it was *held*:—

1. That upon the reversal of the erroneous judgment in the first action there was nothing to support the judgment for nominal damages rendered in the second; and therefore the plaintiff was not entitled to recover on the second count of his complaint, which set forth such judgment.

2. That the amount of the matter in demand ($118.44), as described in that count, being less than $500, the Superior Court had no jurisdiction.

Section 811 of the General Statutes (Rev. 1902, § 557) provides that distinct claims founded on contract may be joined in one complaint,

each being stated in a separate count, and that all courts whose jurisdiction is limited by the amount in demand may render judgment for the amount found due on each count, if such sum does not exceed the jurisdiction of the court. *Held* that the purpose of this provision was not to confer upon the court jurisdiction of each of the claims, but to allow a court of limited jurisdiction to render a judgment for claims which, in the aggregate, might exceed the maximum limit of its jurisdiction.

Submitted on briefs Oct. 29th, 1902—decided Jan. 7th, 1903.

ACTION to recover the amount of two judgments alleged in separate counts, brought to the Superior Court at Waterbury and tried to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff upon each count, and appeal by the defendant. *Error and cause remanded.*

The case is sufficiently stated in the opinion.

*William W. Hyde* and *Seymour C. Loomis*, with whom was *Earnest C. Simpson*, for the appellant (defendant).

*John O'Neill*, with whom was *William Kennedy*, for the appellee (plaintiff).

HALL, J. The first count of the complaint alleges that on the 29th of March, 1901, the plaintiff recovered a judgment against the defendant, before the Superior Court at Waterbury, for $3,076.25; and the second count, that on May 12th, 1899, the plaintiff recovered judgment against the defendant, in said court, for $118.44. Both judgments are alleged to to be unsatisfied. The court rendered judgment for the plaintiff upon both counts. The defendant denies the right of the plaintiff to recover upon both counts, upon the ground that both judgments are for the same cause of action and between the same parties. In inquiring whether the plaintiff may justly enforce payment of both judgments, it becomes necessary to refer to the previous litigation between these parties which resulted in these judgments.

In 1895 the plaintiff brought an action in the Superior Court, against this defendant, to recover damages for a personal injury alleged to have been caused by the defendant's

negligence.   A demurrer to the complaint was sustained, and no amendment having been made judgment was rendered for the defendant.   From this judgment no appeal was taken.

In 1897 a second action was brought by the plaintiff against this defendant, in the same court, upon the same cause of action.   Upon a hearing in damages, after a default, the trial court overruled the defendant's claim that the judgment in the first case was a bar to the recovery of more than nominal damages, and rendered judgment for the plaintiff for $3,000 damages and costs.   This judgment was set aside upon the defendant's appeal to this court, and the case remanded for the assessment of nominal damages.   *Brennan* v. *Berlin Iron Bridge Co.*, 71 Conn. 479.   Nominal damages were afterwards assessed at $50, and a judgment for that sum and costs was rendered by the Superior Court.   This is the judgment described in the second count of the complaint.

The plaintiff then brought a writ of error to this court, upon which the judgment in the first action was set aside, and it was ordered that said first case be restored to the docket of the Superior Court, that the demurrer to the complaint be overruled, and the case stand to be proceeded with according to law.   *Brennan* v. *Berlin Iron Bridge Co.*, 72 Conn. 386.

The plaintiff next brought an action to the Superior Court asking that the judgment for nominal damages in the second action be set aside, and for other equitable relief, to prevent the defendant from availing himself of that judgment to defeat the retrial of the first case upon its merits, and this court, upon the reservation of that action, advised that judgment be rendered for the plaintiff, and that the defendant be enjoined from using the judgment for nominal damages as a defense or bar to the trial of the first action.   *Brennan* v. *Berlin Iron Bridge Co.*, 73 Conn. 412.

Upon the retrial of the first case, upon a hearing in damages after a default, judgment was rendered for the plaintiff for $3,000 and costs, which judgment was affirmed, upon the defendant's appeal to this court.   *Brennan* v. *Berlin*

*Iron Bridge Co.*, 74 Conn. 382. This is the judgment described in the first count of the complaint.

The decisions of this court upon the writ of error setting aside the judgment for the defendant in the first action, and upon the equitable action to set aside the judgment for nominal damages, are decisive of the question of the plaintiff's right to enforce payment of both the judgments described in the complaint. In deciding the action for equitable relief, this court in effect said that the reversal of the erroneous judgment in the first case, and the restoring of that case to the docket for further proceedings, practically placed the parties in the same condition in which they were before the erroneous judgment was rendered, and that after the reversal of the erroneous judgment in the first action there remained nothing to support the judgment for nominal damages in the second action; but that since it did not appear upon the records of the second case, that the judgment upon which it depended had been set aside, the equitable relief asked for might properly be granted. We further said the defendant "may not plead it (the judgment for nominal damages) in his notice (in the hearing in damages in the first case) nor the plaintiff receive any benefit from it. . . ."

By reason of the proceedings above stated, upon the writ of error and upon the equitable action, the judgment described in the second count became no longer enforceable either wholly or in part, in this or in any other action against the defendant.

Another reason why the plaintiff was not entitled to recover upon the second count, though apparently it was not suggested by counsel, is the fact that the matter in demand described in the second count is less than $500, and therefore not within the jurisdiction of the Superior Court of New Haven county.

While, under § 812 of the General Statutes (Rev. 1902, § 558), in actions brought to the Court of Common Pleas or the District Court of Waterbury, separate demands founded on contract express or implied, some or all of which are below the jurisdiction of said courts, may be combined

for the purpose of conferring jurisdiction,—§ 811 of the General Statutes (Rev. 1902, § 557) does not provide for the combination of several separate claims in order to confer upon the court jurisdiction of each of such claims, but for the joinder in one complaint of any number of claims founded upon or evidenced by distinct contracts, each of which claims is within the jurisdiction of the court to which the action is brought, and for the rendering of a judgment upon each of said counts, by any court whose jurisdiction is limited by the amount in controversy, although the aggregate of said claims upon which judgment is so rendered may exceed the maximum jurisdictional limit of said court. This section does not apply to the Superior Court, which has no maximum jurisdictional limit.

The plaintiff was entitled to recover upon the first count of the complaint, but not upon the second.

There is error, and the case is remanded for the entry of a judgment for the plaintiff upon the first count of the complaint.

In this opinion the other judges concurred.