THE CITIZENS AND MANUFACTURERS NATIONAL BANK, EXECUTOR, ET AL. v. THE CONNECTICUT LIGHT & POWER COMPANY

SUPERIOR COURT     NEW HAVEN AT WATERBURY     FILE NO. 16751

Memorandum filed April 25, 1947.

*John B. Pearson* and *Charles H. Blackall,* both of Hartford, for the Plaintiff.

*Carmody, Larkin & Torrance,* of Waterbury, for the Defendant.

MELLITZ, J. .The plaintiffs, claiming separate and distinct demands arising from the alleged negligence of the defendant and the maintenance of a nuisance, have joined in the complaint herein a cause of action on behalf of the plaintiff Citizens and Manufacturers National Bank, demanding $7100 damages, and a cause of action on behalf of the plaintiff James McLaughlin, demanding $270 damages. The joinder is claimed to be authorized by the provisions of General Statutes, Sup. 1941, § 822f. The defendant has filed a plea to the jurisdiction on the ground that the damages claimed by the plaintiff McLaughlin are below the minimum jurisdictional requirement for an action in the Superior Court.

General Statutes, Sup. 1941 § 813f, provides that in an action such as that here involved the Superior Court shall have jurisdiction when the relief demanded exceeds $2500 It has been held that the jurisdictional requirement for an action in the Superior Court applies to each separate cause of action alleged in a complaint, and that where a single plaintiff joins several causes of action in one complaint, each cause of action alleged must meet the jurisdictional test. *Brennan* v. *Berlin Iron Bridge Co.,* 75, Conn. 393, 396; *Reconstruction Finance Corporation* v. *Landow & Co.,* 8 Conn. Sup. 269.

The jurisdictional requirement for an action in the Superior Court is not affected by the permissible joinder of plaintiffs authorized by § 822f. Each cause of action alleged must be treated as though embodied in a separate complaint and stands or falls by itself. In the federal courts a like construction has been placed upon rule 20 of the federal rules of civil procedure (1 F. R. D., p. XCII), which is similar to § 822f in sanctioning the joinder of plaintiffs whose claims involve any common question of law or fact and arise out of the same transaction or series of transactions. See *Diepen* v. *Fernow*, 1 F. R. D. 378; *Edelhertz* v. *Matlack*, 42 F. Sup. 309

The want of jurisdiction appears upon the face of the record, and in such a situation a motion to erase rather than a plea to the jurisdiction was the procedure to which the defendant should have resorted to raise the question presented. *Michelin* v. *MacDonald*, 114 Conn. 582, 583; *Gill* v. *Bromley*, 107 Conn 281, 285. The plea to the jurisdiction is overruled. The court on its own motion orders that the complaint of the plaintiff James McLaughlin be erased. *Marcil* v. *Merriman & Sons Inc.* 115 Conn. 678, 682; *Woodmont Asso.* v. *Milford*, 85 Conn. 517, 524.