The plaintiffs are two individuals who described themselves as doing business as Nozco Sales Company of Norwalk. The defendants are the named corporation and one Bowes, who is alleged to be the corporation's authorized agent as to matters in suit. As drawn, the complaint is in three counts, each of which alleges a joint cause of action in the plaintiffs against the defendants. All counts sound in contract. Immediately under the statement of each count the plaintiffs claim damages in the following amounts: first count, $5000; second count, $4000; third count, $1500.
The defendants plead to the jurisdiction and move to erase the cause from the docket on the ground that the complaint demands damages of $10,500, which is an amount in excess of the jurisdiction of this court. See General Statutes, Rev. 1949, § 7741 (Sup. 1947, § 1420i), which confers a maximum civil jurisdiction upon this court, exclusive of foreclosure actions, to "matter in demand" not exceeding $5000.
At the threshold of their argument the defendants cite Baxter
v. Camp, 71 Conn. 245, 251, for the proposition that the rules of pleading do not permit the appending to each of plural counts separate claims for relief. The Supreme Court there said: "It is also a violation of the rules of pleading, in any case of a complaint containing several counts, to append to each separate claims for relief. Such claims follow the complaint as a whole. The plaintiff is to state his whole case first, and then the relief which he seeks, whether it be of one or several kinds, and whether referable to all or to but one or more of the several counts."
The point made by the defendants in this regard is correct. Clearly the damages demanded by the plaintiffs should have followed the complaint as a whole, stating the amount of damages sought in reference to each of the three counts But this defect in pleading is not deemed to affect the jurisdictional question presented. The solution of that question must be controlled by statutory considerations to which reference is hereinafter made. Whether jurisdiction is to be determined by damages demanded collectively under all three counts, or under each separate count, is the decisive question.
Certain general observations are deemed in order before taking up specifically the question presented. Apart from statute, the rule is that jurisdiction cannot be acquired by combining the *Page 207 
claims in several counts where the claim as to any one count is less than the minimum jurisdiction of the court. Davis v. Seymour,59 Conn. 531, 532, and cases cited. This is still the rule of jurisdiction in the Superior Court. Brennan v. Berlin IronBridge Co., 75 Conn. 393, 396; Reconstruction Finance Corporation
v. S. Landow Co., 8 Conn. Sup. 269; Citizens Mfrs.National Bank v. Connecticut Light Power Co., 15 Conn. Sup. 32. As to actions founded on contract, express or implied, the rule by statute is otherwise in the Court of Common Pleas. In this court separate counts, wherein one or more involve a claim founded on such contract in an amount less than the minimum jurisdiction, may be combined in a single complaint for the purpose of conferring jurisdiction, so long as the total of claims shall exceed $100 and in the aggregate shall not exceed the maximum jurisdiction of the court. See General Statutes, Rev. 1949, § 7762 (Rev. 1930, § 5458). This statute does not apply to the Superior Court. Brennan case, supra, 397; ReconstructionFinance Corporation case, supra, 270. In passing, it is noted that reference by the trial court to § 5457, Rev. 1930, in the latter case is an error; § 5458, Rev. 1930, is the statute intended to be cited, being now § 7762, Rev. 1949.
General Statutes, Rev. 1949, § 7761 (Rev. 1930, § 5457), is deemed controlling on the question here presented. The statute is entitled "Distinct Claims; Separate Counts; Jurisdiction" and reads as follows: "Whenever any person shall own two or more claims founded on contract, express or implied, against another, or other persons jointly, and each of such claims shall be founded upon or evidenced by separate and distinct contracts, the person so owning such claims may sue for them in separate counts in his complaint, and any court whose jurisdiction is limited by the amount in controversy or in demand may render judgment for the amount found due on each count and the interest thereon; provided the judgment on any count shall not without such interest exceed the jurisdiction of such court. Any judgment so rendered in favor of the plaintiff shall state upon which of such counts such judgment was rendered."
This statute is deemed applicable because the three counts sound in contract, the first on implied contract and the second and third on express contract; and a judgment on any count, exclusive of interest, would not exceed the jurisdiction of the court; and such judgment would be susceptible of a statement upon which of such counts it related. *Page 208 
That the statute speaks of "any person" and "the plaintiff" is not construed as excluding from its purport plural plaintiffs, as in the case at bar, who are suing in each count upon a joint claim in contract against the defendants. In Walsh v. Gurman,12 Conn. Sup. 78, 79, Judge Waller in referring to this statute indicates otherwise. But the question there was not precisely this question and in any event is not conclusive of the point. Since the plaintiffs in this case sue jointly in each of the counts stated, they should be held to come within the scope of the statute. A different conclusion could only be reached by sacrificing substance to technicality.
Whether or not a comparatively recent statute enacted in 1941 is equally controlling need not be directly considered in view of the foregoing. See General Statutes, Rev. 1949, § 7824 (Sup., 1941, § 822f), entitled "Joinder of Plaintiffs and Consolidation of Causes." The scope of this statute has been briefly considered by a judge of the Superior Court and of this court in two cases cited heretofore. Citizens Mfrs. National Bank v.Connecticut Light Power Co., supra (Mellitz, J.); Walsh v.Gurman, supra (Waller, J.). If the first count of the complaint in the case at bar should be construed as sounding in tort (the court construes it as sounding in implied contract although it embodies some of the qualities of an action of deceit), then the more recent statute would be the one applicable. "The provisions of this Act are sufficiently broad to cover causes of action founded on contract or tort." Walsh v. Gurman, supra. The statutory reference to "any right of relief in respect to or arising out of the same transaction or series of transactions" would, if required to be applied, fit the situation.
The defendants further argue that in any event two of the three counts state matters properly constituting a single cause of action, and the total of the collective damages asked thereunder exceed $5000. As drafted, the subject matter of these counts appears to meet the requirements of "separate and distinct causes of action" within the ordinary rules of pleading. Practice Book § 33.
 Plea and motion overruled.