The E. J. KELLEY Co. *v.* SAMUEL CARLIN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 18-6201-0443

Argued May 23—decided September 9, 1966

*Albert E. Goring, Jr.,* of Torrington, for the appellant-appellee (defendant).

*Charles W. Roraback,* of Torrington, for the appellee-appellant (plaintiff).

DEARINGTON, J. The amended complaint in this action contained two counts. The first count claimed money due for services rendered by the plaintiff for moving two bowling alleys, and the second count claimed money due for storage of these alleys. The defendant in his counterclaim alleged negligence in both the storage and the moving of the bowling alleys. Judgment was rendered for the plaintiff

both on its complaint and on the counterclaim, and from that judgment both the plaintiff and the defendant have appealed.

The plaintiff has assigned error in the court's denial of its motion to correct the finding and in certain of the court's conclusions. It is apparent that the plaintiff's assignments of error relate solely to the question of the jurisdictional limit in respect to an award of damages in the Circuit Court. The defendant has assigned error in the denial of his motion to correct the finding, in certain rulings on evidence, and in the reaching of certain conclusions.

We first consider the plaintiff's assignment of error. The plaintiff in its complaint claimed $813.55 on the first count and $1120 on the second count. It later moved to amend the first count by increasing the ad damnum to $1250. The records fail to indicate that the plaintiff complied with § 132 of the Practice Book in this respect. The plaintiff also filed notice in accordance with General Statutes § 52-236, alleging that it intended to offer evidence of damages of $2500 which accrued subsequent to the bringing of the suit from the cause of action pleaded in the second count. The plaintiff failed to comply with the statutory requirement, which provides that leave of the court must be obtained. The court, in rendering judgment for the plaintiff on the first count, found that there was a balance due the plaintiff in the amount of $806.20. In rendering judgment for the plaintiff on the second count, the court found the balance due to be $2480. The court then concluded as a matter of law that the jurisdictional limit was $2500 and that the plaintiff's aggregate damages were limited to that amount. The court further concluded that the plaintiff had waived any damages claimed in excess of that limit. The plaintiff has claimed error in the denial of its motion to strike

both conclusions. Nothing in the record or finding supports such a waiver, and both counsel agree that there was no waiver in this respect. The court erred in arriving at the conclusion that there was a waiver.

At the time this action was returnable to court (fifth Tuesday of January, 1962) the jurisdictional limit for the amount in demand was $2500.[1] But where two separate claims founded on contract are alleged in the complaint, as here, and each of those claims is founded upon or evidenced by separate and distinct contracts, the court may render judgment for the amount found due on each count, provided the judgment on any count shall not exceed the jurisdictional limit. General Statutes § 52-39. Thus, in the instant case, the jurisdictional limit on each count was $2500. *Johnson* v. *Cooke,* 85 Conn. 679, 683; *Brennan* v. *Berlin Iron Bridge Co.,* 75 Conn. 393, 396; *Rosenthal* v. *Waterbury Companies, Inc.,* 16 Conn. Sup. 205, 207. The defendant contends that *Tradesmens National Bank* v. *DiCarlo,* 2 Conn. Cir. Ct. 12, establishes the rule, at least by inference, that where there are two or more counts sounding in contract, each separate and distinct, the aggregate damages recoverable cannot exceed $2500. In that case the ad damnum clause in the complaint claimed $2700. On appeal, the defendant raised the question of jurisdiction. This court held that the actual amounts in demand alleged in the complaint controlled rather than the amount of the ad damnum. Such demandable amounts totaled $1870, which amount was within the jurisdictional limit of the court. Thus the application of § 52-39, supra, was not necessary in the *DiCarlo* case.

---

[1] The original jurisdictional limit of the Circuit Court for money damages was $2500. Public Acts 1959, No. 28 § 24 (as amended, General Statutes § 52-2a). At the 1965 session of the General Assembly (Public Acts 1965, No. 331 §§ 29, 50), the jurisdictional limit was increased to $7500, effective with respect to cases returnable after September 1, 1965.

The defendant further contends that § 52-40 indicates that in the Court of Common Pleas a sum total of several claims cannot exceed the jurisdictional limit ($15,000) of that court. By analogy, he claims that this statute would limit the sum total of several claims in the Circuit Court to its jurisdictional limit. Section 52-40, however, relates to separate claims where the amount of one or more is less than the minimum jurisdictional amount of the Court of Common Pleas and allows the combining of such claim with other claims for the purpose of conferring jurisdiction, so long as the total shall not exceed the maximum jurisdiction of the Court of Common Pleas. *Rosenthal* v. *Waterbury Companies, Inc.,* supra. In the instant case, we are not concerned with combining claims to confer jurisdiction, since the Circuit Court has no minimum jurisdictional amount; General Statutes § 52-2a; and so such a statute as § 52-40 would not be applicable even by analogy, if we were to assume such an analogy was proper. On this issue we conclude that § 52-39 is controlling. For reasons here considered, the court erred in not striking its conclusion that the plaintiff's aggregate claim for damages on both counts was limited to $2500.

We now consider the defendant's assignment of error in respect to the denial by the court of his motion to correct the finding by adding certain facts which he claims were admitted or undisputed. Such facts concern the defendant's counterclaim and relate to alleged negligence on the part of the plaintiff in both the moving and the storage of the bowling alleys. The defendant offered evidence through an expert witness that the alleys were not properly stacked while in storage and that rainwater entered through a portion of the roof of the storage building, wetting the upper, exposed alleys and penetrating to the lower layers, resulting in a deterioration of

the alleys and thus diminishing their value for future use. The plaintiff offered evidence through two experts that the alleys examined by them while in storage were in their opinion commercially unusable and valueless for reasons existing prior to the moving of the alleys. The issue involved was the commercial value of the alleys or lanes for future use. Upon such conflicting evidence and other evidence relating to the condition and value of the alleys, it cannot be said that the court erred in denying the defendant's motion to correct the finding in this respect. "It is readily apparent that the trial court gave more credence to the testimony of the . . . [plaintiff's] expert than to that of the . . . [defendant's] expert. Conflicts in opinion evidence offered by experts arise frequently in the trial of cases, and the trier has the duty of deciding which to credit." *Barr* v. *First Taxing District,* 151 Conn. 53, 59. Furthermore, a "fact is not admitted or undisputed merely because one or more witnesses testify to it and no one denies it, for it is for the trial court to determine what credence it will give to the witnesses." *Morse* v. *Morse,* 128 Conn. 138, 139. An examination of the evidence and the subordinate facts of the finding satisfies us that even if certain facts were added as sought by the defendant they would not destroy the bases of the court's conclusions on the facts it properly found. *Gargan* v. *Harris,* 90 Conn. 188, 189; *American Brass Co.* v. *Ansonia Brass Workers' Union,* 140 Conn. 457, 459; *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 51; Maltbie, Conn. App. Proc. § 157. The court committed no error in this respect.

The defendant also claims error in the denial of his motion to correct the finding by striking certain facts. This assignment of error is so connected with his assignment of error relating to the admission of certain evidence that the two assignments will be

considered together. The defendant sought to strike certain facts relating to the court's finding that certain rates or charges for both equipment and labor were reasonable. The defendant does not challenge the finding as it relates to the specific services rendered. The only evidence bearing on the rates charged by the plaintiff was elicited from its president, Thomas A. Kelley, Jr. He testified that in establishing the several charges or rates, his company used as a guideline the rates or tariffs fixed by the New England Motor Rate Bureau, an agency which fixed rates which, when approved by the public utilities commission, became the prevailing rate for a particular type of operation. He further testified that although such rates would not apply to a local operation like the one here, they were used as a guide for local charges. When asked by the court whether any other method could be used as a guide, he answered, "This [New England Motor Rate Bureau rates] is considered the bible." It is evident that the court accepted this evidence as the basis for its finding that the amounts charged were reasonable. The defendant objected to the evidence, claiming that it was hearsay, and upon being overruled took an exception.

"The mere fact that the opinion given by a witness as to value is derived from sources which would not in themselves be admissible in evidence does not render that opinion inadmissible." *Vigliotti* v. *Campano,* 104 Conn. 464, 465. But the opinion of the witness in such instances must not be based only upon trustworthy sources of information; it must also be sufficiently based upon his own experience to enable him to coordinate and evaluate the information derived from those sources so as to make his evidence of probative value. *Dressel* v. *Gregory,* 114 Conn. 718, 719; see *Burn* v. *Metropolitan Lumber Co.,* 94 Conn. 1, 6. The witness at no time

gave his own opinion as to the reasonableness of the charges made by his company on the basis of his own experience and knowledge of such matters but depended solely on his source of information. "There can be no recovery for the reasonable value of services rendered unless evidence has been introduced as to what that reasonable value was. . . . Damages are an essential element of the plaintiff's proof before he is entitled to recover. . . . They must be proved with reasonable certainty." *Braithwaite* v. *Lee,* 125 Conn. 10, 13, 14. The ruling of the court allowing evidence of rates derived from such a source as the New England Motor Rate Bureau was proper, but that evidence was not coordinated with the witness' own experience in such matters to the extent that it afforded the court a sufficient basis for finding reasonable value. As there was no adequate evidence of what the reasonable value of the plaintiff's services was, the court erred in denying the defendant's motion to strike the finding of reasonable value. When we strike the facts from the finding, as we must, the court's conclusions as to the reasonable value of the plaintiff's charges are destroyed.

Briefly stated, the facts found by the court, with such corrections as both the defendant and the plaintiff are entitled to, include the following: In May, 1959, the plaintiff agreed to move certain bowling alleys for the defendant at a reasonable amount based on an hourly rate for men and equipment. The alleys were moved to a warehouse owned by the plaintiff and located on South Main Street, Torrington, and sometime later they were removed to another building owned by the plaintiff and located on Railroad Avenue in Torrington. The alleys were purchased by the defendant in 1948 for $7000 and at that time were secondhand. The plaintiff's several charges for the work, including equipment, were for

the most part based on rates established by the New England Motor Rate Bureau and approved by the public utilities commission. While certain rates charged were less than such established rates, the plaintiff used the rates fixed by the New England Motor Rate Bureau as a guideline in determining its rates. A rental charge of $40 a month was agreed upon by the parties, and a total of $2480 remained unpaid. Twenty-four sections of the bowling alleys were cut into twenty-one-foot lengths by the defendant prior to their removal, while the remaining ten sections were cut into fifteen-foot lengths. The plaintiff informed the defendant that the storage building was waterproof. Sometime in November, 1963, the defendant went to the building. It was raining and the defendant observed water leaking through the roof and gathering on the alleys. Thereafter, the plaintiff covered the alleys with tarpaulins. Certain dimensions for alleys approved by the American Bowling Congress provide that the length of an alley from the foul line to the number one pin shall be sixty feet plus or minus one-eighth. When alleys are cut and rejoined they must stay within this tolerance. The alleys had been improperly cut prior to the time of removal. There were four or five years of life left in the alleys.

On the foregoing subordinate facts, the court concluded that there was no evidence as to the value of the bowling alleys at the time of the initial storage and there was no evidence of their condition at that time. The court further concluded there was no evidence as to the number of alleys claimed to have been affected by water, there was no evidence that the roof of the premises had leaked prior to the day the defendant entered the building, and there was no evidence that the plaintiff failed properly to maintain the building. The court also concluded that the alleys were improperly cut before their removal and

had no market value and that their remaining life was reduced to a point where they would be no longer usable. It was further concluded that the plaintiff was not liable in negligence as alleged in the counterclaim. All of these conclusions are attacked by the defendant as being without support in the subordinate facts. While the form used in stating the conclusions was unusual, it was not improper. *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 56; *Tiernan* v. *Savin Rock Realty Co.*, 115 Conn. 473, 475, 476. The serious question raised by the defendant here is whether the trial court could, on the subordinate facts, reasonably conclude that the lack of usefulness or value of the alleys resulted from the method of cutting them rather than from the claimed negligence of the plaintiff. In reviewing the conclusions upon this issue, we conclude that the finding supports the court's conclusions. Where there is room for a reasonable difference of opinion, the determination is for the trier. *Hammarlund* v. *Troiano,* 146 Conn. 470, 472.

We briefly consider one matter of evidence which involves a question which may arise on the retrial. The defendant asserts that the court erred in excluding certain evidence he was prepared to offer. The defendant claimed that he consulted a building mover, Latsky, in regard to the second moving. The defendant attempted to get into the evidence a contract price claimed to have been agreed upon with Latsky for such proposed moving. The plaintiff objected on the ground of hearsay. The court sustained the objection not only on the ground of hearsay but also on the ground of irrelevancy. Hearsay statements cannot be accepted as proof of the facts asserted. This is not to say that credible evidence of what others might consider reasonable for like services could not properly be received; see *Anderson* v. *Zweigbaum,* 150 Conn. 478, 484; 20 Am. Jur.,

Evidence, § 386; but here the witness was not giving his own opinion of the value of services; rather he was in effect attempting to recite the statement of a third person. For all that appears here, the witness' knowledge of the matter was what Latsky told him. *Toti Contracting Co.* v. *A. J. Orlando Contracting Co.,* 149 Conn. 473, 478. For reasons of his own, Latsky might have been willing to do the work for less than it was reasonably worth. Even if such evidence had been admitted, it would have had little or no probative value bearing on reasonableness. Furthermore, it does not appear that the witness had any personal knowledge of the value of the services. See 3 Wigmore, Evidence (3d Ed.) § 719. Had Latsky been produced as a witness, the plaintiff would then have had the opportunity to cross-examine him. The ruling of the court was correct.

There is error in part, the judgment is set aside as to the first count only and the case is remanded with direction to render judgment for the plaintiff to recover such damages as it may prove on a new trial limited to the issue of damages as it relates to the first count.

In this opinion KINMONTH and LEVINE, Js., concurred.