VETERANS MEMORIAL MEDICAL CENTER *v.*
MICHAEL TOWNSEND
(AC 17776)

Spear, Sullivan and Freedman, Js.

Argued April 2—officially released June 23, 1998

*Houston Putnam Lowry,* for the appellant (plaintiff in error).

*Opinion*

FREEDMAN, J. The plaintiff filed a writ of error with the Supreme Court, pursuant to Practice Book § 4143 et seq., now Practice Book (1998 Rev.) § 72-1 et seq., claiming that the trial court improperly dismissed this action without a hearing. Pursuant to Practice Book § 4023, now Practice Book (1998 Rev.) § 65-1, the Supreme Court transferred the matter to this court.

The writ of error alleges the following facts. On April 11, 1997, the plaintiff commenced a small claims action against the defendant. The court set May 12, 1997, as the answer date. The defendant did not appear or answer by May 12, 1997. On May 13, 1997, the action was dismissed by the small claims magistrate without a hearing. In response to the plaintiff's motion for articulation, the small claims magistrate indicated that the action was dismissed because it was barred by the six year statute of limitations. General Statutes § 52-576. The plaintiff claims in the writ of error that it could have defeated the defense of the statute of limitations, which was not raised by the defendant.

We must first address whether the writ of error properly lies in the present case. The plaintiff, noting that small claims actions are not appealable,[1] claims that

---

[1] General Statutes § 51-197a (a) provides in relevant part: "Appeals from final judgments or actions of the Superior Court shall be taken to the Appellate Court in accordance with section 51-197c, *except for small claims, which are not appealable . . . .*" (Emphasis added.)

our statutes and rules of practice allow the writ of error. We agree that under the limited circumstances of this case, the writ of error is proper.

General Statutes § 52-272 provides in relevant part that "[w]rits of error for errors in matters of law only may be brought from the judgments of the Superior Court to the Supreme Court . . . ." See also Practice Book § 4143 (a), now Practice Book (1998 Rev.) § 72-1 (a). General Statutes § 52-273 provides in relevant part that "[n]o writ of error may be brought in any civil or criminal proceeding . . . for the correction of any error which might have been reviewed by process of appeal." Similarly, Practice Book § 4143 (b), now Practice Book (1998 Rev.) § 72-1 (b) provides that "[n]o writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification . . . ."

As previously noted, there is no right of appeal in small claims cases. See footnote 1. The writ of error, therefore, falls within the parameters of § 52-273 and Practice Book § 72-1 (b) (1). Practice Book § 72-1 (b) also provides, however, that "[n]o writ of error may be brought in any civil or criminal proceeding for the correction of any error where . . . (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification." Inasmuch as the plaintiff brought the action in the small claims court, and the

General Statutes § 52-263 provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . *except in small claims cases, which shall not be appealable* . . . ." (Emphasis added.)

defendant did not move to transfer the case to the regular docket, the parties have arguably consented to have the case decided in that forum. Under the limited circumstances of this case, however, we rely on Practice Book § 4182, now Practice Book (1998 Rev.) § 60-1,[2] which calls for a liberal interpretation of our rules, in reaching our conclusion that the writ of error is proper. In so holding, we note that the plaintiff in this case had no hearing of any type and no notice that the trial court was considering the dismissal of its case.

Due process requires that a hearing be held whenever the trial court is required to make a finding concerning a disputed factual issue; *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423–24, 642 A.2d 9 (1994); such as whether the statute of limitations has been tolled. See *Zapolsky* v. *Sacks*, 191 Conn. 194, 198, 464 A.2d 30 (1983). To preclude the writ of error in this case, where there has been a serious deprivation of a fundamental right of due process, "would result in insulating the judgment from all appellate review." *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 48, 478 A.2d 601 (1984). We decline such an interpretation and conclude, therefore, that the writ of error is proper in this case.

Our conclusion is supported by our Supreme Court's decision in *Cannavo Enterprises, Inc.* In that case, after the trial court denied the defendant's motion to transfer the plaintiff's small claims action to the regular docket, a default judgment was entered against the defendant. Id., 45. The defendant then filed a writ of error with the Supreme Court. Id. The Supreme Court noted that it had jurisdiction over the writ of error, holding that a party suffering from a default judgment may bring a writ of error where no statutory right of appeal exists. Id., 47. The Supreme Court further stated, "Nor does

---

[2] Practice Book § 4182, now Practice Book (1998 Rev.) § 60-1, provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

the fact that the writ lies from the Small Claims division of the Superior Court, where no statutory right of appeal exists . . . preclude a more limited appellate review by writ of error. . . . Certainly, the General Assembly could conclude that limited appellate review was all that was necessary for Small Claims cases. Construing our statutes as one consistent body of law, as we must . . . we conclude that General Statutes § 51-197a . . . does not preclude us from entertaining a writ of error pursuant to General Statutes § 52-272 from the Small Claims division of the Superior Court and that we therefore have jurisdiction." (Citations omitted.) Id., 48; see also *Burns* v. *Bennett*, 220 Conn. 162, 164–66, 595 A.2d 877 (1991).

Having concluded that we may entertain the plaintiff's writ of error, we next consider whether the trial court improperly dismissed the action without a hearing.

Small claims proceedings are governed by Practice Book § 547 et seq., now Practice Book (1998 Rev.) § 24-1 et seq. These rules establish a procedure in the event that the defendant does not file an answer by the answer date, as occurred in the present case. Pursuant to these rules, a defendant shall be defaulted unless he answers the small claims complaint by the answer date. Practice Book (1998 Rev.) § 24-16. Practice Book (1998 Rev.) § 24-24[3] outlines the procedure that occurs as far as

---

[3] Practice Book (1998 Rev.) § 24-24 (a) provides: "In any action based on an express or implied promise to pay a definite sum and claiming only liquidated damages, which may include interest and reasonable attorney's fees, if the defendant has not filed an answer by the answer date and the judicial authority has not required that a hearing be held concerning any request by the defendant for more time to pay, the judicial authority may render judgment in favor of the plaintiff without requiring the presence of the plaintiff or representative before the court, provided the plaintiff has complied with the provisions of this section. Nothing contained in this section shall prevent the judicial authority from requiring the presence of the plaintiff or representative before the court prior to rendering any such default and judgment if it appears to the judicial authority that additional information or evidence is required prior to the entry of judgment."

rendering judgment when the defendant has not filed an answer. Pursuant to Practice Book § 24-24 (a), the judicial authority may render judgment in favor of the plaintiff without a hearing or, "if it appears to the judicial authority that additional information or evidence is required prior to the entry of judgment," the judicial authority should require the presence of the plaintiff before the court for a hearing.

Therefore, under Practice Book § 24-24, the trial court could have rendered judgment for the plaintiff because the defendant did not answer by the answer date or, if it appeared to the trial court that additional information or evidence was required, it should have held a hearing prior to rendering judgment.

The judgment is reversed and the case is remanded for further proceedings consistent with the rules of practice.

In this opinion the other judges concurred.