SAFE HOME SECURITY, INC. *v.* JOCELYN LEWIS
(AC 18965)

O'Connell, C. J., and Lavery and Landau, Js.

Submitted on briefs January 28—officially released April 20, 1999

*Joseph T. Coppola* filed a brief for the plaintiff in error.

*Opinion*

O'CONNELL, C. J. The plaintiff filed a writ of error with the Supreme Court, pursuant to Practice Book § 72-1 et seq., which was transferred to this court pursuant to Practice Book § 65-1. In its writ, the plaintiff claims that the trial court, small claims session, improperly rendered a decision on a counterclaim that was not properly brought before the court. We reverse the judgment of the trial court.

The following facts are relevant to this decision. On September 15, 1997, the plaintiff commenced a small claims action against the defendant for the collection of a debt allegedly owed by the defendant. On November 17, 1997, the defendant filed her answer to the plaintiff's allegation and included the following response: "The plaintiff owes the defendant damages for over-charges and for money pre-paid but she later canceled the monitoring contract."[1] The defendant did not file a counterclaim. The matter was heard before a magistrate on December 11, 1997, and judgment was rendered in favor of the defendant. The trial court also awarded the defendant $2000 in damages on what it

---

[1] Under the contract, the defendant agreed to pay the plaintiff to provide her home security monitoring goods and services.

considered as the counterclaim, the statement in the defendant's answer that the plaintiff owes her money. The trial court subsequently issued a bank execution against the plaintiff for the amount of the damages.

Because small claims actions are not appealable,[2] we first must address whether we have jurisdiction over the writ of error. In *Veterans Memorial Medical Center v. Townsend*, 49 Conn. App. 198, 712 A.2d 993 (1998), this court ruled that a writ of error was the proper method of review of a small claims judgment. In that case, the small claims court dismissed the plaintiff's action without a hearing. Noting that the plaintiff had no hearing of any type and no notice that the trial court was considering the dismissal of its case, we relied on Practice Book § 60-1[3] to hold that the writ of error was proper under the limited circumstances of that case. Id., 199–201.

In the present case, the plaintiff had no notice that the trial court was considering a counterclaim because the defendant failed to file the requisite counterclaim form. To avoid injustice, we again rely on Practice Book § 60-1[4] to hold that a writ of error is the proper avenue of review under the facts of this case.

---

[2] General Statutes § 51-197a (a) provides in relevant part: "Appeals from final judgments or actions of the Superior Court shall be taken to the Appellate Court in accordance with section 51-197c, *except for small claims, which are not appealable* . . . ." (Emphasis added.)

General Statutes § 52-263 provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . *except in small claims cases, which shall not be appealable* . . . ." (Emphasis added.)

[3] Practice Book § 60-1 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

[4] See footnote 3.

We next consider the merits of the plaintiff's claim that the trial court improperly ruled in favor of the defendant and awarded her $2000 in damages. The plaintiff essentially argues that the counterclaim was not properly brought before the court. We agree with the plaintiff.

Practice Book § 24-19 provides that "[t]he defendant . . . may, in the manner provided by Section 24-9[5] claim any setoff or counterclaim within the jurisdiction of the small claims court. . . . Upon the making of such claim by the defendant, the clerk shall give notice to the plaintiff by first class mail, of the setoff or counterclaim and shall notify the parties of the new answer date. . . ." Here, because the defendant did not adequately state a counterclaim, the clerk was not alerted that such a claim had been filed and, as a result, the plaintiff was not sent notice of the claim as required by Practice Book § 24-19. A counterclaim, therefore, was not properly brought before the court, and the trial court could not render judgment and issue a bank execution on an illusory claim.

The writ of error is granted, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[5] Practice Book § 24-9 provides in relevant part: "The plaintiff, or representative, shall state the nature and amount of the claim on the writ in concise, untechnical form . . . ."