JOANNA ESPOSITO *v.* TONY'S LONG WHARF
SERVICES, LLC
(AC 26948)

Bishop, McLachlan and Foti, Js.

Argued April 18—officially released July 18, 2006

*Keith P. Sturges*, with whom, on the brief, was *Kenneth A. Votre,* for the plaintiff in error, Tony's Long Wharf Services, LLC.

*Martin R. Libbin,* for the defendant in error, Magistrate Robert T. Bown.

*Opinion*

McLACHLAN, J. The defendant, Tony's Long Wharf Services, LLC, filed a writ of error with the Supreme Court, pursuant to Practice Book § 72-1 et seq., claiming that the trial court rendered judgment against it without having acquired personal jurisdiction. Pursuant to Practice Book § 65-1, the Supreme Court transferred the matter to this court. We dismiss the writ of error.

The following facts are reflected in the record. On November 2, 2001, the plaintiff, Joanna Esposito, commenced a small claims action against the defendant, seeking monetary damages for contracted repairs to her automobile.[1] The small claims writ identified "Tony's Long Wharf" as the defendant and listed its address as 294 Kimberly Avenue, New Haven. Judgment was rendered against "Tony's Long Wharf" on January 22, 2002. Following the judgment, a bank execution was issued, and the amount of $3835.84 was removed from the account of Tony's Long Wharf, Inc. Tony's Long Wharf, Inc., located at 294 Kimberly Avenue, New Haven, filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. Tony's Long Wharf, Inc., subsequently filed a bank execution exemption claim that was granted by the court on October 22, 2002, and the funds that had been removed were returned to the account of Tony's Long Wharf, Inc.

---

[1] We note that the original writ of error is captioned *Tony's Long Wharf Services, LLC* v. *Magistrate Robert T. Bown.* The summons and marshal's return indicate that only Magistrate Bown was summoned to appear and served with the writ of error. Practice Book § 72-3 (c) provides in relevant part that "the writ shall bear the caption of the underlying action in which the judgment or decision was rendered. All parties to the underlying action shall be served in accordance with chapter 8 of these rules."

Counsel for Magistrate Bown claims that the writ of error is defective because the plaintiff in the small claims action, Joanna Esposito, was neither summoned nor served with the writ of error. He argues that this is a fatal defect requiring dismissal of the writ of error. Because we conclude that a writ of error does not properly lie in the present case, we do not address that issue.

On February 24, 2005, the plaintiff filed a motion to open the judgment "to have the name amended from Tony's Long Wharf to Tony's Long Wharf Services, LLC." The address for Tony's Long Wharf Services, LLC, also was listed as 294 Kimberly Avenue, New Haven. The court opened the judgment, permitted the plaintiff to amend the complaint as requested and scheduled a hearing for May 25, 2005. Counsel for the defendant appeared and requested a continuance at that hearing, which was denied. The court noted in its disposition that the notice advising of the hearing date specifically stated that a trial could occur on the same date of the hearing. On May 25, 2005, the court rendered judgment in favor of the plaintiff in the amount of $3232.84.

The defendant filed a motion to open the judgment on June 15, 2005, claiming that it had not been served with process and was not properly made a party to the small claims action. It argued that the change made by the amendment was not simply a correction of the defendant's name, but rather a substitution of a separate and distinct entity. A hearing on the defendant's motion was scheduled for July 19, 2005. At that hearing, the court denied the defendant's motion with prejudice. The court noted that the defendant presented no testimony to support its allegations regarding failure of service. Additionally, the court noted that the defendant did not make such a claim at the previous hearing held on May 25, 2005. The defendant then filed this writ of error.[2]

The defendant claims that the court (1) lacked personal jurisdiction over it because it had not been served with process after the substitution of a party defendant

---

[2] There is no right of appeal from a small claims judgment. General Statutes § 51-197a (a) provides in relevant part: "Appeals from final judgments or actions of the Superior Court shall be taken to the Appellate Court in accordance with section 51-197c, except for small claims, which are not appealable . . . ."

and (2) violated its due process rights by allowing the substitution and holding the trial on May 25, 2005. We dismiss the writ of error because we conclude that it is not properly before us.[3]

Because the judgment in question is from a small claims proceeding, the defendant could not file an appeal with this court. Instead, it filed a writ of error pursuant to Practice Book § 72-1.[4] Section 72-1 (b) (2) specifically provides in relevant part that a writ of error may not be brought where the parties "by failure timely to seek a transfer . . . have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification." The defendant did not move to have this case transferred from the small claims docket to the regular docket of the Superior Court. Practice Book § 24-21 sets forth the procedure for such a transfer. If it had made such a motion and it had been denied, a writ of error could have been filed pursuant to § 72-1 (a) (3) under those circumstances. The defendant, however, never filed a motion to transfer and may not avail itself now of this remedy.

The defendant argues that there is authority for bringing a writ of error in small claims matters, citing the cases of *Safe Home Security, Inc.* v. *Lewis*, 52 Conn.

---

[3] Accordingly, we do not reach the defendant's claims.

[4] Practice Book § 72-1 provides: "(a) Writs of error for errors in matters of law only may be brought from a final judgment of the superior court to the supreme court in the following cases: (1) a decision binding on an aggrieved nonparty; (2) a summary decision of criminal contempt; (3) a denial of transfer of a small claims action to the regular docket; and (4) as otherwise necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law.

"(b) No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, or (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification."

App. 780, 727 A.2d 1289 (1999), and *Veterans Memorial Medical Center* v. *Townsend*, 49 Conn. App. 198, 712 A.2d 993 (1998). In those cases, this court concluded that a writ of error was proper under the limited circumstances of those cases and relied on Practice Book § 60-1[5] in reaching its conclusion. In *Safe Home Security, Inc.*, the small claims court rendered judgment on the defendant's counterclaim when no such counterclaim had been filed with the court. *Safe Home Security, Inc.* v. *Lewis*, supra, 781–82. In *Veterans Memorial Medical Center*, the small claims court dismissed the plaintiff's action without holding a hearing of any type and without giving notice that it was considering the dismissal of the plaintiff's action. *Veterans Memorial Medical Center* v. *Townsend*, supra, 201.

*Safe Home Security, Inc.*, and *Veterans Memorial Medical Center* are inapposite to the present case. Here, the defendant was represented by counsel. Counsel appeared at the hearing scheduled on May 25, 2005, and at the hearing on the defendant's motion to open the judgment on July 19, 2005. The notice of the hearing scheduled for May 25, 2005, clearly provided that a trial could commence that same day after the court's consideration of the plaintiff's pending motion to open the judgment to amend the name of the defendant. Notably, the defendant did not argue at that time that there had been a failure of service. Moreover, at the hearing on its motion to open the judgment, the defendant did not provide any evidence whatsoever to establish that there had been a failure of service. The July 19, 2005 hearing had been scheduled for that very purpose—to provide the defendant with an opportunity to establish its claim that it was not properly made a party

---

[5] Practice Book § 60-1 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

to the action. The defendant did not avail itself of that opportunity.

The writ of error is dismissed.

In this opinion the other judges concurred.