NEWTOWN POOL SERVICE, LLC *v.* KENNETH
POND ET AL.
(AC 34136)

Alvord, Espinosa and Sullivan, Js.

Argued September 11, 2012—officially released February 5, 2013

*William F. L. Rodgers*, for the plaintiff in error.

*Opinion*

SULLIVAN, J. The plaintiff in error, Newtown Pool Service, LLC (plaintiff), filed a writ of error with the Supreme Court, challenging the judgment of the trial

court, small claims session.[1] In its writ, the plaintiff claims that the trial court improperly awarded the defendants in error damages on a counterclaim beyond the jurisdictional money limit for small claims. We agree and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to this decision. On September 17, 2010, the plaintiff commenced this small claims action against the defendants in error, Kenneth Pond and Victoria Pond (Ponds), claiming $4925, plus court costs, arising out of a balance due on a contract for the construction of a pool. The plaintiff also alleged that the Ponds owed an additional $455 for cleaning and opening the pool, but added: "[The plaintiff] waives any dollar claim beyond the jurisdictional limit." On October 18, 2010, the Ponds filed an answer and counterclaim. On the counterclaim form, the Ponds wrote in relevant part: "Job was never completed and we have estimates to repair damage [plus] incomplete work in excess of $5,000[plus].[2] Newtown Pools owes us this to complete job . . . ." Although the jurisdictional limit for claims brought in the small claims session is $5000, neither party filed a motion to transfer the action to the regular docket of the Superior Court.[3]

---

[1] Judgments of the small claims session are not normally appealable; see General Statutes § 51-197a; but Practice Book § 72-1 provides that a writ of error may be brought from certain decisions from which there is no statutory right of appeal. Section 72-1 (a) provides: "Writs of error for errors in matters of law may be brought from a final judgment of the superior court to the supreme court in the following cases: (1) a decision binding on an aggrieved nonparty; (2) a summary decision of criminal contempt; (3) a denial of transfer of a small claims action to the regular docket; and (4) as otherwise necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law." As discussed herein, a writ of error is proper in this case.

[2] The Ponds used an addition symbol (+) on the counterclaim form to represent the word "plus."

[3] General Statutes § 51-15 (d) provides in relevant part: "The small claims procedure shall be applicable to all actions, except actions of libel and slander, claiming money damages not in excess of five thousand dollars, and to no other actions."

On June 6, 2011, the small claims magistrate rendered judgment for the plaintiff for $5000 on its complaint and for the Ponds for $8000 on their counterclaim, ordering the plaintiff to pay the balance of $3000 to the Ponds. The plaintiff moved to open the judgment, claiming that the magistrate, in awarding the Ponds $8000 on their counterclaim, exceeded the small claims court's jurisdictional limit of $5000. The motion to open was granted. After a second hearing on August 15, 2011, the trial court issued an order affirming the initial judgment and ordering the plaintiff to pay $3000 to the Ponds. This writ of error followed.[4]

We must first address whether we have jurisdiction over the writ of error. The plaintiff argues that this

Practice Book § 24-2 provides in relevant part: "In no case shall the damages claimed exceed the jurisdictional money limit fixed by statute, including attorney's fees and other costs of collection, but exclusive of interests and costs."

Practice Book § 24-19 provides in relevant part: "The defendant . . . may claim any setoff or counterclaim *within the jurisdiction of the small claims court.*" (Emphasis added.) Practice Book § 24-21 governs motions to transfer.

[4] The plaintiff filed its brief on November 28, 2011. The Ponds did not file an appellee's brief, which was due on December 28, 2011. On January 6, 2012, the Supreme Court transferred the writ to this court pursuant to Practice Book § 65-1. On its own motion, this court held a hearing to determine whether to dismiss the writ of error on the ground that the plaintiff did not move to transfer the case from the small claims docket to the regular docket of the Superior Court in compliance with Practice Book § 72-1 (b). Section 72-1 (b) provides in relevant part: "No writ of error may be brought in any civil or criminal proceeding for the correction of any error where . . . (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification." Practice Book § 24-21 provides the procedure for a defendant, or a plaintiff on a defendant's counterclaim, to seek a transfer to the regular docket of a "counterclaim in an amount greater than the jurisdiction of the small claims court . . . ." Section 24-21 requires that the case "shall be transferred" should the requesting party meet the procedural requirements, but does not require that parties seek a transfer when a claim or counterclaim exceeds the jurisdictional limit. Nothing in chapter 24 of the Practice Book, which governs small claims, refers to the § 72-1 (b) (2) prohibition against writs of error for failure to seek a transfer. After the hearing, this court marked

court has jurisdiction pursuant to Practice Book §§ 72-1 (a) (4) and 60-1, despite the language of § 72-1 (b) (2), which bars a writ of error when "the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from which there is no right of appeal or opportunity for certification." The plaintiff argues that this court should grant the writ of error for two reasons: (1) to clarify for lower courts that the jurisdictional money limit applies both to claims and awards, and that jurisdiction is based on the amount in each component claim, not on aggregate awards; and (2) to avoid surprise or injustice to this plaintiff, because it could not have known that a motion to transfer would be necessary given that the court could not award more than $5000. We agree with the plaintiff for the reasons discussed herein.

In *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 48, 478 A.2d 601 (1984), our Supreme Court held that, notwithstanding the language in General Statutes § 51-197a[5] barring appeals from actions of the small claims court, limited appellate review of small claims court decisions is appropriate through a writ of error. In that case, the trial court had denied a properly filed motion to transfer. Id., 50–51; see also *Burns* v. *Bennett*, 220 Conn. 162, 165, 595 A.2d 877 (1991). ("§ 51-197a . . . does not preclude us from entertaining a writ of error . . . from the Small Claims division of the Superior Court" [internal quotation marks omitted]). In *Veterans Memorial Medical Center* v. *Townsend*, 49 Conn. App. 198, 201–202, 712 A.2d 993 (1998), we held that a writ of error was the proper method to obtain review

off its motion, ordered oral argument and ordered, sua sponte, that in light of the Ponds' failure to file an appellee's brief, the case be decided based on the plaintiff's brief and the record.

[5] General Statutes § 51-197a provides in relevant part: "Appeals from final judgments or actions of the Superior Court shall be taken to the Appellate Court in accordance with section 51-197c, *except for small claims, which are not appealable* . . . ." (Emphasis added.)

of a small claims judgment. In that case, the small claims court dismissed the plaintiff's action without a hearing. Id., 199. Noting that the plaintiff had no hearing of any kind and no notice that the trial court was considering dismissing the case, we relied on Practice Book § 60-1[6] to hold that, under the limited circumstances of the case, the writ of error was proper. Id., 201. In *Safe Home Security, Inc.* v. *Lewis*, 52 Conn. App. 780, 782, 727 A.2d 1289 (1999), we again relied on Practice Book § 60-1 to avoid injustice where the plaintiff had no notice that the small claims court was considering a counterclaim because the defendant had failed to file a counterclaim form, but rather had stated in her answer that the plaintiff owed money to the defendant. Under those facts, we held that the writ of error was the proper avenue to obtain review. Id., 782–83. In *Esposito* v. *Tony's Long Wharf Services, LLC*, 96 Conn. App. 571, 575–76, 901 A.2d 82 (2006), however, we dismissed a writ of error sought by a defendant whose counsel attended the small claims hearing, but who never raised its claim of lack of personal jurisdiction until filing the writ of error. In that case, the defendant knew of the alleged jurisdictional defect at the time it was served.[7] Id., 575.

We read the previously mentioned cases to stand for the proposition that, where the limited circumstances of Practice Book § 60-1 are met and the plaintiff did not have an opportunity or notice to seek a transfer prior to the deadline imposed by Practice Book § 24-21, a writ of error is the appropriate method to seek

[6] Practice Book § 60-1 provides in relevant part: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

[7] Unlike in *Esposito*, nothing in the record in the present case indicates that the plaintiff was represented by counsel at either hearing. The plaintiff's counsel indicated both in the docketing statement filed with this court and during oral argument that the plaintiff was not represented by counsel at either hearing.

review of a small claims judgment, and is not barred by § 51-197a. Nothing in those decisions, nor in the statute itself, bars review solely because the party bringing the writ of error failed to seek a transfer during the trial proceedings.

In the present case, the plaintiff, upon seeing the Ponds' statements on the counterclaim form, arguably became aware that the Ponds were claiming more than $5000 in damages. Still, knowing of the $5000 jurisdictional money limit in small claims actions, the plaintiff reasonably could have concluded that the Ponds were not claiming more than $5000, that the trial court did not have the authority to award more than $5000 on the counterclaim, and that, therefore, there was no need to seek a transfer. Such a conclusion would be supported by a plain reading of Practice Book §§ 24-1 and 24-19 in conjunction with General Statutes § 51-15 (d), which provides that the small claims procedure applies to actions for money damages that do not exceed $5000, "and to no other actions."

Practice Book § 24-21 (a) (1) provides in relevant part that the motion to transfer "must be filed on or before the answer date . . . ." By the time of the first hearing, when it became clear that the court intended to consider an award on the counterclaim greater than $5000, the deadline for filing a motion to transfer had passed. This stands in contrast to *Esposito*, where the defendant knew of the jurisdictional defect when it was served with the complaint, but it did not raise the issue until it filed the writ. Here, once the plaintiff was confronted with the possibility of an award of more than $5000, it raised its jurisdictional claim with the trial court—the only thing it could do given the time limit for filing a motion to transfer. As in *Veterans Memorial Medical Center* and *Safe Home Security, Inc.*, the plaintiff here was denied an opportunity to transfer because the deadline to move for transfer had passed before

the error became clear. The trial court's action outside the jurisdiction of the small claims session after the deadline to seek a transfer had passed is an extraordinary and limited circumstance that meets the requirements of Practice Book § 60-1.

The plaintiff is aggrieved by the trial court's action because, instead of having to pay nothing, which would be the result if the award on the counterclaim were limited to $5000, it has been ordered to pay $3000 on the counterclaim. The plaintiff gave up the right to use the regular rules, including the right to appeal, based on an understanding that the small claims court could not act beyond its jurisdiction. Were we to dismiss the writ, all parties to cases without a statutory right of appeal would have to seek transfer at the outset to prepare for the possibility that the trial court would act outside its jurisdiction.

We hold that a writ of error is the proper avenue to obtain review under the unusual combination of facts in this case, where a party challenges not the underlying findings or legal conclusions of the trial court, but rather the trial court's award of damages outside the jurisdictional money limit. In so holding, we rely on Practice Book § 60-1, reasoning that a writ of error may be brought to review the judgment to avoid the surprise to the plaintiff that would result from strict adherence to Practice Book § 72-1 (b) (2), to avoid the injustice that would be manifest if parties who filed counterclaims in violation of the rules could then benefit by such violations, and to clarify to lower courts the application of the jurisdictional money limit in small claims actions.[8]

We next consider the merits of the plaintiff's claim of jurisdictional error. "We have long held that because

---

[8] Because this is sufficient ground to grant the writ of error, we do not address the plaintiff's argument based on Practice Book § 72-1 (a) (4).

[a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Haworth* v. *Dieffenbach*, 133 Conn. App. 773, 779, 38 A.3d 1203 (2012). Although a court may have jurisdiction to hear certain matters and controversies, it must act only within its authority when exercising that jurisdiction. See *Amodio* v. *Amodio*, 247 Conn. 724, 728–29, 724 A.2d 1084 (1999) (distinguishing between court's jurisdiction to hear case and proper application of its authority under governing statute).

The plaintiff first argues that the court's order that the plaintiff pay $3000 to the Ponds was error because it represented the aggregate of an award on the complaint that fell within the jurisdictional money limit and an award on the counterclaim that exceeded it by $3000. The plaintiff argues that, where jurisdictional money limits are imposed, a court's jurisdiction is determined by the amount of each component claim, not by the aggregate of all claims.

No case law specifically addresses whether each individual claim and each award in small claims court must be limited to $5000, but Connecticut courts have long followed the principle that, when statutes apply jurisdictional money limits, a court's jurisdiction is determined not by the amount of the aggregate award, but instead by the amount of each individual claim. For example, in *Brennan* v. *Berlin Iron Bridge Co.*, 75 Conn. 393, 396–97, 53 A. 779 (1903), a case involving multiple claims by one plaintiff against the same defendant, our Supreme Court held that the amount of each demand must fall within the court's jurisdiction. The court held that the plaintiff in that case was entitled to recover only on the claim that fell within the jurisdictional limit, and not on the one that fell outside it. Id., 397. In *Reconstruction Finance Corp.* v. *S. Landow & Co.*, 8 Conn. Sup. 269, 270 (1940), the Superior Court

ruled that it did not have jurisdiction to entertain a claim that was below that court's minimum jurisdictional limit despite the fact that the claim was joined in a complaint with three other claims that were above, and therefore within, the jurisdictional limit. Finally, in *Friede* v. *Jennings*, 121 Conn. 220, 228–30, 184 A. 369 (1936), our Supreme Court held that, where there were multiple claims against different parties, the amount of each individual claim, not the aggregate of the claims, determined whether the court had jurisdiction over each claim. In that case, the Supreme Court was considering a statute that specifically provided for joining separate claims in one complaint, but only if each fell within the jurisdictional limit. Id., 226. "The same limitations of jurisdiction growing out of the amount involved apply as regards the power of the court to give a several judgment against the defendants in a single action as it would were separate actions brought against each, and the amount of the judgment which is claimed against each determines the jurisdiction of the court to entertain the action against him." Id., 230. Here, the Ponds' counterclaim, had it been filed as a separate small claims action, would have been limited to $5000.

The plaintiff also argues that the jurisdictional money limit of $5000 for small claims actions applies to both the amount that may be claimed and the amount that the court may award, even though the relevant language uses only the phrase "all actions . . . claiming money damages not in excess of five thousand dollars . . . ." General Statutes § 51-15 (d). In support of this argument, the plaintiff cites to the single exception in the statute, which provides that the small claims court may award amounts in certain landlord-tenant actions that are "authorized by the rental agreement or any provision of the general statutes . . . notwithstanding that the amount of such damages and costs, in the aggregate, exceeds the jurisdictional money limit established by

this subsection. . . ." General Statutes § 51-15 (d). The plaintiff argues that the entire subsection applies to awards as well as claims because of the canon of statutory construction that "where exceptions are set forth, those items not excepted fall under the general rule established. Thus, if damages can be awarded that exceed the jurisdictional limit in just this one circumstance, a fair implication is that otherwise damages that exceed the limit cannot be awarded by the court." We agree. To hold otherwise, we would have to conclude that the reference to the jurisdictional money limit in § 51-15 (d) has no meaning. When interpreting statutory language, we must presume that "the legislature did not intend to enact meaningless provisions. . . . [S]tatutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant . . . ." (Internal quotation marks omitted.) *Housatonic Railroad Co.* v. *Commissioner of Revenue Services*, 301 Conn. 268, 303, 21 A.3d 759 (2011).

The plaintiff argues, persuasively, that "if component claims of any amount could be considered and awarded so long as the combined effect was under the limit, then multimillion dollar competing claims could be routinely filed in small claims." This result would defeat the purpose of the small claims docket.[9] The explicit limit on claims would be rendered meaningless, because a plaintiff, or a defendant on a counterclaim, would also be free to make a claim within the limit, but then argue for greater damages during the hearing. Every party would be forced to seek transfer to the regular Superior Court docket to comply with Practice Book § 72-1 (b) and safeguard the right to appeal. Additionally, our Supreme Court's holding in *Amodio* v. *Amodio*, supra,

---

[9] Practice Book § 24-1 provides in relevant part: "The general purpose of these rules is to secure the prompt and inexpensive hearing and determination of small claims by simplified procedure designed to allow the public maximum access to and use of the court in connection with such claims. . . . All proceedings shall be simple and informal."

247 Conn. 732, makes clear that even if the court determined it had jurisdiction to hear a case, it could exercise that jurisdiction only within statutory limits, meaning, in this case, that it could award only $5000 on any claim or counterclaim.

Accordingly, we conclude that the trial court's award of $8000 on the counterclaim was erroneous in that the court acted beyond its jurisdiction by exceeding the jurisdictional money limit, in contravention of § 51-15 (d) and Practice Book § 24-2. The plaintiff was materially injured by being ordered to pay $3000 to the Ponds that it would not have been ordered to pay had the trial court abided by the jurisdictional money limit. Accordingly, the award of damages on the counterclaim must be reduced to the jurisdictional limit of the small claims court, with the result that neither party shall be required to pay anything to the other.

The writ of error is granted, the judgment is reversed only with respect to the amount of the award on the counterclaim and judgment is rendered thereon for the Ponds in the amount of $5000; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.